**Hugh J. HANLON, Plaintiff,**

v.

**UNITED PARCEL SERVICE, Defendant.**

No. CIV. A. 3:99CV2264–L.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 10, 2001.

Hugh Joseph Hanlon, Austin, TX, pro se.

Tonya P. Johannsen, James M. McGee, Akin Gump Strauss Hauer & Feld, Dallas, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court is Defendant United Parcel Service's Motion to Dismiss All State Law Causes of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6) For Failure to State a Claim Upon Which Relief Can Be Granted, or in the alternative. Motion for Summary Judgment, filed October 2, 2000. Plaintiff has not responded to the motion. After careful review of the motion and the applicable authorities, the court, for the reasons stated herein, grants Defendant's 12(b)(6) motion to dismiss Plaintiff's state law claims.

### I. Factual and Procedural Background [1]

In September 1998, Plaintiff Hugh J. Hanlon ("Hanlon" or "Plaintiff") contracted with Defendant United Parcel Service ("UPS" or "Defendant") to move a Microplasma Welder (a welding machine) located in Washington D.C. Although the record is void of the exact destination for the shipment. Plaintiff indicates in the papers submitted with his Complaint that he unpacked and examined the welding machine in Henderson, Nevada. Plaintiff contends that the machine was not shipped on time and was damaged during transit. In June 1999, Plaintiff sought to resolve his damage claim with the UPS claims department. Plaintiff subsequently filed this action on October 4, 1999, asserting claims against UPS for intentional and malicious damage to property, negligent damage to property, breach of contract, bad faith, emotional distress, mental anguish, deceit for fraudulently collecting an insurance fee and operating as an insurance company without authorization, violation of article 21.21–2 of the Texas Insurance Code (Unfair Claim Settlement Practices Act), and violation of § 17.46 of the Texas Business and Commerce Code (Texas Deceptive Trade Practices Act). UPS now moves to dismiss Plaintiff's state common law and statutory claims under Fed.R.Civ.P. 12(b)(6), and alternatively moves for summary judgment.

### II. Motion to Dismiss—Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "is

---

1. Plaintiff's Complaint does not set forth facts regarding the parties or the basis of the court's jurisdiction. In his responses to the Magistrate Judge's Questionnaire to Plaintiff, filed January 3, 2000, Plaintiff states that the actions at issue in his complaint occurred in Brownsville, Texas. Because the actions giving rise to this action occurred in Brownsville, Texas, the action should have been brought in the Southern District of Texas. Brownsville Division. Defendant, however, challenges neither personal jurisdiction nor venue in its motion to dismiss. Therefore, the court merely notes, without deciding, that venue may be improper in this district.

viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir.1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.* The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992).

### III. Analysis

Defendant moves to dismiss Plaintiff's state common law and statutory claims, contending that they are preempted as a matter of law by the Carmack Amendment. The court agrees.

The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, now codified in pertinent part at 49 U.S.C. § 14706 *et seq.*, governs the liability of carriers for goods lost or damaged during the interstate shipment of property.[2] *See* 49 U.S.C. § 14706(a) (liability of motor carriers).

Under the Amendment, a shipper may recover for the actual loss of damage to property caused by any of the interstate carriers involved in the shipment. *See* 49 U.S.C. § 14706. In *Adams Express Co. v. Croninger*, the Supreme Court considered the preemptive scope of the Carmack Amendment and concluded that it superseded all state regulation regarding interstate common carrier liability. 226 U.S. 491, 505–506, 33 S.Ct. 148, 57 L.Ed. 314 (1913). Relying on the reasoning of *Adams Express*, the Fifth Circuit has held that state law claims seeking damages for losses arising out of the interstate shipment of goods by a carrier under a receipt or bill of lading are preempted by the Carmack Amendment. *See Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305, 307 (5th Cir.1993)(Carmack Amendment preempted plaintiffs' state law claims for, *inter alia*, intentional and negligent infliction of emotional distress, breach of contract, violation of the Texas Deceptive Trade Practices Act, misrepresentation, fraud, and negligence); *Air Products & Chemicals, Inc. v. Illinois Cent. Gulf R.R. Co.*, 721 F.2d 483, 486 (5th Cir.1983), *cert. denied*, 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984).

As Plaintiff did not file a response to Defendant's motion to dismiss, there is no dispute that Plaintiff's welding machine was shipped in interstate commerce by a motor carrier under a receipt or bill of lading. As the Carmack Amendment is the shipper's sole remedy for damages resulting from the loss of property shipped in interstate commerce by a carrier under a receipt or bill of lading, *see Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir.1998), any claim for damages relating to the loss of property must be brought under the Carmack Amendment. Here, although Plaintiff alleges that his property was damaged in transit

---

**2.** The Carmack Amendment states:

 (a) General liability—

 (1) Motor carriers and freight forwarders.—A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation .... That carrier and any

other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed ... is for the actual loss or injury to the property ...

 49 U.S.C. 14706(a)(1).

by UPS, he asserts no claim under the Carmack Amendment; instead, Plaintiff asserts claims solely under state common and statutory law. Because Plaintiff only asserts claims under state law, and such claims are as a matter of law preempted by the Carmack Amendment, the court concludes that Plaintiff's state law claims must be dismissed.[3] Accordingly, Defendant United Parcel Service's Motion to Dismiss All State Law Causes of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State A Claim Upon Which Relief Can be Granted is granted. Plaintiff's state law claims against Defendant UPS for intentional and malicious damage to property, negligent damage to property, negligence, breach of contract, bad faith, fraud, deceit, emotional distress and/or mental anguish, violation of the Deceptive Trade Practices Act, and violation article 21.21–2 of the Texas Insurance Code are hereby **dismissed** with prejudice, and this action is dismissed. The court will issue judgment by separate document.

---

**3.** Because the court disposes of Plaintiff's state law claims under the Carmack Amendment, it does not reach whether Plaintiff's state law claims are preempted under Federal Aviation Administration Authorization Act of 1994, or Defendant's alternative motion for summary judgment.