Zeddrick F. WHITE

v.

MAYFLOWER TRANSIT, LLC
and Does 1–100 inclusive.

No. CV 06 6710 CAS PLAX.

United States District Court,
C.D. California.

March 19, 2007.

Zeddrick F. White, Los Angeles, CA, Pro se.

Gregg S. Garfinkel, Cheryl L. De Leon, Stone Rosenblatt & Cha, Woodland Hills, CA, for Mayflower Transit LLC and Does 1–100 Inclusive.

SNYDER, District Judge.

**Proceedings: (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (filed March 7, 2007)**

The Court finds this motion appropriate for decision without oral argument. Fed. R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of April 2, 2007, is hereby vacated and the matter is taken under submission.

## I. INTRODUCTION AND BACKGROUND

The instant case arises out of an agreement between plaintiff and defendant whereby defendant agreed to ship personal items belonging to plaintiff from New York to Los Angeles. On July 27, 2006, plaintiff filed a complaint against defendant alleging claims for: (1) contractual fraud, (2) insurance coverage, (3) general negligence, (4) property damage, and (5) intentional infliction of emotional distress. On October 20, 2006, defendant removed the action to this Court on the grounds that plaintiff's claim is one for damages for injury to goods transported by a common carrier interstate, which is exclusively governed by federal law pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

On November 20, 2006, the Court denied plaintiff's motion to remand on the grounds that one or more of plaintiff's claims are completely preempted by the Carmack Amendment, and reserved judgment on defendant's motion to dismiss pending a ruling on defendant's motion to confirm arbitration. On January 2, 2007, the Court granted defendant's motion to confirm the arbitration award.[1] On February 12, 2007, the Court held a status

---

1. The facts relating to the parties' arbitration and the arbitration award are further dis-
cussed in the Court's January 2, 2007 Order.

conference in order to determine which, if any, of plaintiff's claims remained. The Court was unable to determine plaintiff's remaining claims, and therefore directed plaintiff to file a second amended complaint setting forth any claims not decided by the arbitration award.

On March 5, 2007, plaintiff filed a second amended complaint, alleging claims for (1) contractual fraud, (2) insurance coverage, (3) general negligence, (4) property damage, and (5) intentional infliction of emotional distress.[2] These are the identical claims that plaintiff alleged in his first amended complaint.

On March 7, 2007, defendant filed the instant motion to dismiss. Plaintiff filed an opposition on March 17, 2007. Defendant's motion is presently before the Court.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir.1996).

In considering a motion pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell,* 266 F.3d at 988; *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

■ Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.,* facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir.1996), *rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the alle-

---

**2.** Plaintiff apparently originally filed the second amended complaint in the Los Angeles County Superior Court on February 20, 2007, and he states that he intends to proceed in the Superior Court concurrently with the proceedings in this Court.

gation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

## III. DISCUSSION

### A. Claims Within the Scope of the Arbitration Award

■ As discussed in the Court's January 2, 2007 order confirming the arbitration award, the arbitrator stated in the "Order On Request for Modification of Arbitration Award" that, according to Rule 19 of the AMSA Household Goods Dispute Settlement Program, "an arbitrator has jurisdiction to consider only claims for loss or damage to the household goods transported. Any other claims can be considered only upon written agreement by both the shipper and the carrier." Decl. of Tamara Noland, Ex. O. The arbitrator noted that the parties had not agreed to arbitrate any claim for overcharges, and therefore "any claim concerning overcharges is not a part of this arbitration. Likewise, the Arbitrator has no jurisdiction to consider charges that payment checks were fraudulently cashed." *Id.*

Plaintiff's claims that the household goods were lost or damaged fall within the scope of the arbitration award. Accordingly, plaintiff's claims for contractual fraud, general negligence, property damage, insurance coverage, and intentional infliction of emotion distress, are hereby DISMISSED with prejudice insofar as they relate to plaintiff's claims that his household goods were lost or damaged.

### B. Claims Preempted by the Carmack Amendment

■ Plaintiff appears to have two potential claims that do not fall within the scope of the arbitration award. First, plaintiff alleges that defendant fraudulently cashed a check in plaintiff's name, causing plaintiff's account to be overdrawn. Second, plaintiff alleges that defendant improperly billed plaintiff for an additional $4,000.

■ Defendant argues that each of plaintiff's claims should be dismissed because they are preempted by the Carmack Amendment. "With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *New York. N.H. & H.R. Co. v. Nothnagle,* 346 U.S. 128, 131, 73 S.Ct. 986, 97 L.Ed. 1500 (1953). The Carmack Amendment preempts any state common law action against a common carrier for damage to belongings transported in interstate commerce. *See Adams Express Co. v. Croninger,* 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913); *Hughes Aircraft v. North American Van Lines,* 970 F.2d 609, 613 (9th Cir.1992). The Ninth Circuit has held that the Carmack Amendment preempts state law claims for breach of contract and negligence. *Hughes Aircraft Co.,* 970 F.2d at 613. Courts have also held that the Carmack Amendment preempts state claims based on insurance. *Nichols v. Mayflower Transit, LLC,* 368 F.Supp.2d 1104 (D.Nev.2003).

■ The Ninth Circuit recently clarified its position on the scope of preemption under the Carmack Amendment. In *Hall v. North American Van Lines, Inc.,* 476 F.3d 683 (9th Cir.2007), the court stated that

Our holding in *Hughes* applies to Hall's common law fraud and conversion claims, even though Hall's claims arise from events other than loss or damage to her property. It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. *See Southeastern Express Co. v. Pastime*

*Amusement Co.,* 299 U.S. 28, 29, 57 S.Ct. 73, 81 L.Ed. 20 (1936) (delay); *Blish Milling,* 241 U.S. at 197, 36 S.Ct. 541, 60 L.Ed. 948 (mistaken delivery); *Adams Express,* 226 U.S. at 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (loss). It applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery. *See Blish Milling,* 241 U.S. at 197, 36 S.Ct. 541, 60 L.Ed. 948 (conversion, or "trover"); *Smith v. United Parcel Serv.,* 296 F.3d 1244, 1247 (11th Cir.2002) (dismissing claims that carrier committed fraud by accepting shipments it "had no intention of fulfilling or attempting to deliver") (internal quotation marks omitted).

*Id.* at 689–90. Accordingly, each of plaintiff's remaining claims is preempted by the Carmack Amendment, although they appear to arise from events other than the alleged loss or damage to his property.[3]

Plaintiff argues in his opposition that his claims are not preempted by the Carmack Amendment because they fall under the Interstate Commerce Commission Termination Act of 1995, over which the Surface Transportation Board has jurisdiction. Opp'n at 4. The Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14706, recodified and modified

the Carmack Amendment to the Interstate Commerce Act, previously found at 49 U.S.C. § 11707 (1995). This revision worked no substantive change on the Carmack Amendment, *Project Hope v. M/V IBN Sina. et al.,* 250 F.3d 67, 73 (2d Cir.2001), and the Interstate Commerce Commission Termination Act is still commonly referred to as the "Interstate Commerce Act" or the "Carmack Amendment." *Molloy v. Allied Van Lines, Inc.,* 267 F.Supp.2d 1246, 1251 n. 3 (M.D.Fla.2003). Thus, insofar as plaintiff suggests the Carmack Amendment and the Interstate Commerce Commission Termination Act are different statutes, plaintiff is incorrect.

Plaintiff further asserts that the "Superior Court of The State of California for the County of Los Angeles–Central District should hear the points and claims in the Second Amended Complaint filed on February 20, 2007[,] prior to this court hearing or making a decision on this Second Amendment." Opp'n at 2. To the contrary, this Court previously determined that defendant properly removed the case to this Court, and therefore the Court has jurisdiction to rule on defendant's motion.

Accordingly, the Court GRANTS defendant's motion to dismiss on the grounds that plaintiff's claims are preempted by the Carmack Amendment.

---

**3.** The Court also notes that, although the majority of plaintiff's claims are barred by the arbitration award, these claims are also preempted by the Carmack Amendment. Plaintiff's claims for contractual fraud, insurance coverage, general negligence, and property damage relate to the loss of, or damage to, plaintiff's personal belongings, are therefore preempted.

Plaintiff's claim for intentional infliction of emotional distress is also preempted. While some courts have held that intentional infliction of emotional distress is not preempted because it presents a separate and distinct claim, *see e.g., Gordon,* 130 F.3d at 289 (holding that a claim for intentional infliction of emotional distress was not preempted by the

Carmack Amendment where the defendant failed to deliver shipper's family memorabilia and heirlooms, and then engaged in four-month course of deception pertaining to that nondelivery), others have not, *see, e.g., Moffit v. Bekins Van Lines Co.,* 6 F.3d 305 (5th Cir.1993), cited with approval in *Hall,* 476 F.3d at 687. Here, plaintiff's claim for intentional infliction of emotional distress, like his other state law claims, relates to the loss of, or damage to, plaintiff's personal belongings and the surrounding dispute between the parties. Indeed, plaintiff does not allege any independent facts to support the claim for intentional infliction of emotional distress. As such, this claim is also preempted and must be dismissed.

## IV. CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is hereby GRANTED. Plaintiff's claims are hereby dismissed with prejudice.

IT IS SO ORDERED.