**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ZEDDRICK F. WHITE,
          *Plaintiff-Appellant,*

          v.

MAYFLOWER TRANSIT, L.L.C.,
          *Defendant-Appellee.*

No. 07-55528

D.C. No.
CV-06-06710-CAS

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 26, 2008*

Filed September 12, 2008

Before: Jerome Farris, Robert R. Beezer, and
Cynthia Holcomb Hall, Circuit Judges.

Opinion by Judge Beezer

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Zeddrick F. White, *pro se* appellant.

Gregg S. Garfinkel and Brent M. Finch, Stone, Rosenblatt & Cha, Woodland Hills, California, for the appellee.

**OPINION**

BEEZER, Circuit Judge:

Zeddrick White ("White") appeals *pro se* the district court's order granting Mayflower Transit, L.L.C.'s ("Mayflower") motion to dismiss his second amended complaint. We affirm.

**I**

This case arises out of an agreement between White and Mayflower, in which Mayflower agreed to ship White's per-

sonal effects from New York to Los Angeles. White was dissatisfied with Mayflower's delivery, claiming that several of his items were missing or damaged. The parties agreed to binding arbitration of the claims for loss and damage to White's goods. The arbitrator ruled in favor of Mayflower, but White believed that the arbitrator had been biased against him. White filed a complaint against Mayflower in state court, alleging "contractual fraud (forgery), insurance coverage, general negligence, property damage and intentional infliction of emotional distress."

Mayflower removed the case to federal court, arguing that White's claims were exclusively governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. White moved to remand. The district court denied White's motion, holding that Mayflower had properly removed the case under 28 U.S.C. § 1445(b).

Mayflower then moved to confirm the arbitration award. The court granted the motion, holding that White had failed to present evidence of actual bias on the part of the arbitrator. The court later directed White to file a second amended complaint setting forth any claims not precluded by the arbitration award.

White filed a second amended complaint containing the same allegations as his first complaint. Mayflower moved to dismiss White's second amendment complaint. The court granted the motion, holding that all of White's claims fell within the scope of a final and binding arbitration award. The court also construed White's complaint as containing two possible causes of action for fraud/forgery and improper billing/overcharging. The court held that the Carmack Amendment preempted these claims and dismissed White's complaint with prejudice.

## II

White argues that the district court lacked removal jurisdiction over this case. We disagree.

**[1]** The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687-88 (9th Cir. 2007). If a plaintiff brings a contract action against an interstate carrier for any of these reasons, and the amount in controversy exceeds $10,000, then the defendant may properly remove the case to federal court. *Id.* at 688-89. White sued Mayflower for property damage and admitted that the amount in controversy exceeds $10,000. The district court properly exercised removal jurisdiction over this case.

## III

White argues that his claims for property damage do not fall within the scope of a final and binding arbitration award. White also argues that his remaining claims are neither barred nor preempted by the Carmack Amendment. We disagree.

## A

**[2]** We review de novo a district court's order confirming an arbitration award. *Schoenduve Corp. v. Lucent Tech., Inc.*, 442 F.3d 727, 730-31 (9th Cir. 2006). We will affirm unless the award can be vacated, modified or corrected as prescribed by the Federal Arbitration Act ("FAA"). *Id.* The FAA allows a district court to vacate an arbitration award if there is evidence of partiality. 9 U.S.C. § 10(a)(2). The burden is on the moving party to show an arbitrator's partiality by presenting evidence of either nondisclosure or bias. *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996).

**[3]** In opposing Mayflower's motion to confirm the arbitration award, White summarily stated that "there was clearly some prejudice and bias" on the part of the arbitrator. White submitted no evidence specifically supporting this statement and he raised no additional reasons for why the district court

should refrain from confirming the arbitration award. The district court properly confirmed the arbitration award, which is a final and binding ruling that precludes White from relitigating his claims for "contractual fraud," "insurance coverage" and "property damage." *See* 9 U.S.C. § 9.

**B**

**[4]** The Carmack Amendment constitutes a complete defense to common law claims against interstate carriers for negligence, fraud and conversion, even though these claims may not be completely preempted. *Hall*, 476 F.3d at 689. The Carmack Amendment bars White's claims for "general negligence," as well as his possible claims for fraud/forgery and improper billing/overcharging.

**C**

White's only remaining claim is for intentional infliction of emotional distress. We have never addressed whether and under what circumstances the Carmack Amendment preempts a claim for intentional infliction of emotional distress. *See Hunter v. United Van Lines*, 746 F.2d 635, 643-44 (9th Cir. 1984) (declining to decide the issue). The United States Supreme Court makes clear that in enacting the Carmack Amendment, "Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *N.Y., New Haven & Hartford Ry. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). "Almost every detail of [interstate common carrier liability] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913).

**[5]** Given this guidance, four circuits have discussed the issue whether and under what circumstances the Carmack Amendment preempts a claim for intentional infliction of

emotional distress. Two circuits have articulated rules that focus on conduct. The Eleventh Circuit holds that "only claims based on *conduct* separate and distinct from the delivery, loss of, or damage to goods escape preemption." *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1248-49 (11th Cir. 2002) (emphasis added). Applying this rule, the Eleventh Circuit held that the Carmack Amendment preempted a plaintiff's claim for intentional infliction of emotional distress because the claim arose solely from the defendant's transportation and delivery services. *Id.* at 1249 (noting that if the defendant had intentionally injured plaintiffs, the plaintiff's claim would not have been preempted). Similarly, the Fifth Circuit held that the Carmack Amendment preempted a claim for intentional infliction of emotional distress when the plaintiff alleged only that a moving company failed to timely deliver its belongings. *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993). To hold otherwise, the Fifth Circuit reasoned, would have defeated Congress' purpose of creating uniform legislation to govern interstate shipping contracts. *Id.* at 307.

**[6]** In contrast, two circuits have articulated rules that focus on harm. The First Circuit has stated, without deciding, that "a claim for intentional infliction of emotional distress alleges a *harm* . . . that is independent from the loss or damage to goods and . . . would *not* be preempted." *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (emphasis added). Relying on this dicta, the Seventh Circuit held that a plaintiff's claim for intentional infliction of emotional distress was not preempted when the plaintiff alleged "liability on a ground that [was] separate and distinct from the loss of, or the damage to, the goods . . . ." *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997).

**[7]** Although the Seventh Circuit adopted the First Circuit's language focusing on harm, the Seventh Circuit's holding in *Gordon* was actually motivated by the defendant's conduct. *Id.* at 283, 290. The Seventh Circuit was troubled by the fact that the defendant lied to the plaintiff and engaged in a "four-

month course of deception pertaining to [their] nondelivery." *Id.* Indeed, a rule focusing on harm to the exclusion of conduct would contradict the Supreme Court's statement that "[t]he words of the statute 'are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.' " *Se. Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (per curiam); *see also Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916).

**[8]** We hold that the Carmack Amendment preempts a claim for intentional infliction of emotional distress to the extent that it arises from the same conduct as the claims for delay, loss or damage to shipped property. In this case, White's claim for intentional infliction of emotional distress is preempted because it is based solely on the same conduct giving rise to his claims for property damage.

## IV

White's claims for property damage fall within the scope of a final and binding arbitration award. The Carmack Amendment provides a complete defense to White's claims for negligence, fraud and improper billing, and it preempts White's claim for intentional infliction of emotional distress.

**AFFIRMED**.