### Houshang SHABANI

v.

### CLASSIC DESIGN SERVS., INC., d/b/a Vintage Transport, et al.

### Case No. CV 09–9467–GHK (JEMx).

United States District Court,
C.D. California.

Feb. 8, 2010.

Sam Tabibian, Sam Tabibian Law Offices, Los Angeles, CA, for Houshang Shabani.

Gregg S. Garfinkel, Nemecek & Cole APC, Sherman Oaks, CA, for Classic Design Servs., Inc., d/b/a Vintage Transport.

**Proceedings: (In Chambers) Order re: Defendant's Motion to Dismiss**

GEORGE H. KING, District Judge.

This case arises out of an agreement between Plaintiff Houshang Shabani ("Plaintiff") and Defendant Classic Design Services, Inc. ("Defendant"), in which Defendant agreed to ship antiques Plaintiff purchased at auction from New Orleans, Louisiana to Beverly Hills, California. Upon delivery, Plaintiff allegedly discovered that one of the items, a porcelain centerpiece, was damaged. According to the shipping agreement, the centerpiece had an "insured value" of $32,000. (Compl., Ex. A). Plaintiff filed suit in state court alleging state law claims for fraud, breach of contract, negligence, intentional infliction of emotional distress, and breach of the covenant of good faith and fair dealing. Thereafter, Defendant removed the case to federal court, asserting that Plaintiff's claims arising from the alleged interstate shipping agreement between the Parties were exclusively governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

Defendant now moves to dismiss Plaintiff's Complaint on the grounds that the Carmack Amendment preempts Plaintiff's state law claims. In response, Plaintiff argues that his fraud claim does not fall within the scope of the Carmack Amendment, and further requests leave to amend to state a claim for damage to his property under the federal statute.

## I. Motion to Dismiss Standard

In order to survive dismissal for failure to state a claim pursuant to Rule

12(b)(6), a complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The pleading standard under Rule 8(a) is not satisfied by " 'naked assertion[s]' devoid of 'further factual enhancement' " or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

 In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988).

## II. Preemption Under the Carmack Amendment

 The Carmack Amendment provides the exclusive remedy for damages claims arising out of an interstate shipping contract, and the statute completely preempts a state law contract claim for recovery of such damages. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir.2007). Furthermore, "[i]t is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. It

applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery." *Id.* at 689 (internal citations and quotation marks omitted). The Carmack Amendment similarly "preempts a claim for intentional infliction of emotional distress to the extent that it arises from the same conduct as the claims for delay, loss, or damage to shipped property." *White v. Mayflower Transit, LLC*, 543 F.3d 581, 586 (9th Cir. 2008).

 With the exception of his first claim for fraud and intentional misrepresentation, Plaintiff does not contest the preemptive effect of the Carmack Amendment upon his claims. Plaintiff argues that his allegation that Defendant "intentionally and fraudulently misrepresented" that it had procured insurance for the allegedly damaged centerpiece states a claim independent from the damage to Plaintiff's property. (Compl. ¶ 12). Plaintiff thus attempts to distinguish his situation from one where "fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery" are properly deemed preempted. *Hall*, 476 F.3d at 689. However, the Supreme Court has established that the Carmack Amendment covers "the subject of the liability of the carrier under a bill of lading ... so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913). Despite Plaintiff's arguments that his allegations of fraud are not subject to the exclusive remedy found in the Carmack Amendment, the claim clearly arises from a representation allegedly made by Defendant on the bill of lading.[1]

---

1. We note that the "insured value" of the

porcelain centerpiece as listed on the bill of

■ Though Plaintiff's fraud claim "appear[s] to arise from events other than the alleged loss or damage to his property," courts have acknowledged that the preemptive effect of the Carmack Amendment applies equally to claims of fraud relating to insurance coverage. *See, e.g., White v. Mayflower Transit, LLC,* 481 F.Supp.2d 1105, 1109 n. 3 (C.D.Cal.2007) (holding preempted claims for contractual fraud and insurance coverage); *Nichols v. Mayflower Transit, LLC,* 368 F.Supp.2d 1104, 1108–09 (D.Nev.2003) (dismissing claims that carrier sold "insurance" and acted in bad faith when refusing to pay plaintiff's claim); *Hanlon v. United Parcel Service,* 132 F.Supp.2d 503, 505–06 (N.D.Tex.2001) (holding the Carmack Amendment preempted plaintiff's claim for alleged deceit for fraudulent insurance fee collection, unauthorized operation as an insurance company, and violations of the Texas Insurance Code). Accordingly, each of Plaintiff's state law claims, including his first claim for fraud, falls within the preemptive breadth of the Carmack Amendment.

## III. Conclusion

In light of the foregoing discussion, Defendant's Motion to Dismiss on the grounds that Plaintiff's claims are preempted by the Carmack Amendment is **GRANTED.** Plaintiff's state law claims are hereby **DISMISSED,** with leave to amend **within fourteen (14) days hereof,** to allege a claim for damages against Defendant under the Carmack Amendment.

**IT IS SO ORDERED.**

---

lading appears to be a modification of Defendant's standard liability limits under the bill of lading, rather than an independent insurance policy. In any event, "the contractual limit of liability provided by [a defendant carrier] is a creature of the Carmack Amendment itself and therefore it cannot be, and never has been, considered insurance by the federal courts such that the preemptive effects of the Amendment would give way to state insurance regulations." *Prince v. United Van Lines, Inc.,* No. 3:96–CV–1084–AH, 1997 WL 53121, at *3 (N.D.Tex. Feb. 4, 1997).