NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLAVOR OF CALIFORNIA, LLC, | No. 24-7202 |
| Plaintiff - Appellee, | D.C. No. 2:24-cv-05616-RGK-AJR |
| v. | |
| BIG BOY RESTAURANT GROUP, LLC, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 4, 2026
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Big Boy Restaurant Group, LLC ("Big Boy") appeals the district court's

order confirming an arbitration award in favor of Flavor of California, LLC

("Flavor"). We have jurisdiction under 9 U.S.C. § 16(a)(1)(D) and 28 U.S.C.

§ 1291, and we review de novo the district court's confirmation order, *White v.*

*Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We will affirm the district court's decision to confirm the award unless the award can be vacated, modified, or corrected under the Federal Arbitration Act ("FAA").[1] 9 U.S.C. §§ 9–11; *White*, 543 F.3d at 584. A district court may modify or correct an arbitration award when an arbitrator "awarded upon a matter not submitted to [the arbitrator], unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). A district court "may vacate part of the award and leave the remainder in force" when "an arbitrator exceeded the scope of [the arbitrator's] authority in issuing an award, and that award is divisible." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009); *see* 9 U.S.C. § 10(a)(4).

1.      The arbitrator did not exceed his authority in discussing the "first-sale" doctrine of trademark law, because the parties raised the issue in arbitration. *See Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732 (9th Cir. 2006) (explaining that an arbitrator's authority is determined by the parties' arbitration agreement and definition of the issues submitted to the arbitrator). In its demand for arbitration, Flavor sought "a declaration of Flavor's rights under the contract

---

[1] Although Big Boy's opening brief asserts that Michigan law provides the relevant standards for determining whether to confirm the arbitration award, its reply brief does not respond to Flavor's contention that the FAA applies. Indeed, Big Boy's reply brief does not rely on any Michigan authority. We therefore decline to consider Big Boy's choice-of-law argument because Big Boy abandoned it. *See Obrien v. Bisignano*, 142 F.4th 687, 694 n.6 (9th Cir. 2025).

between Flavor and Big Boy." In defense, Big Boy asserted that "Flavor materially breached" the parties' license agreement "by, among others, infringing sales outside of the territory." That defense implicates two aspects of the license agreement: Flavor's license to sell Big Boy's products within a designated territory, and Flavor's agreement to "not at any time do or cause to be done any act or thing contesting or in any way impairing or tending to impair" Big Boy's trademark rights. Thus, the arbitrator's discussion of the first-sale doctrine was relevant to determining Flavor's rights and whether Flavor had made infringing sales or had encouraged others to do the same.

2. The arbitrator did not exceed his authority in considering the effect of the parties' license agreement on non-parties. In discussing whether the first-sale doctrine negated Big Boy's infringing-sales defense, the arbitrator merely offered an example regarding Flavor's sales of Big Boy's products to a retailer like Target. The arbitrator's discussion of Target was a hypothetical intended to illustrate the first-sale doctrine. As such, it did not determine any rights between Flavor or Big Boy and non-parties who did not participate in the arbitration, *see* Oral Arg. at 20:20–46 (Flavor's counsel acknowledging that the arbitration award would not be binding on Target), or otherwise violate "public policy," *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1111 (9th Cir. 2012); *see Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184 (2019).

3                                                                                           24-7202

**AFFIRMED.**