**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EVA HALL,

*Plaintiff-Appellant,*

v.

NORTH AMERICAN VAN LINES, INC.;
GEORGE CORREA; ALL CITY
MOVING AND STORAGE,

*Defendants-Appellees.*

No. 04-16182

D.C. No.
CV-04-00510-BZ

OPINION

Appeal from the United States District Court
for the Northern District of California
Bernard Zimmerman, Magistrate Judge, Presiding

Argued and Submitted
April 13, 2005—San Francisco, California

Filed January 29, 2007

Before: Robert R. Beezer, Diarmuid F. O'Scannlain, and
Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Beezer

**COUNSEL**

Jeffrey K. Perkins, San Francisco, California, for the plaintiff-appellant.

Greg S. Garfinkel, Stone, Rosenblatt & Cha, Encino, California, for defendant-appellee North American Van Lines, Inc.

Robert T. Lazzarini, Low, Ball & Lynch, San Francisco, California, for defendants-appellees George Correa and All-City Moving and Storage.

**OPINION**

BEEZER, Circuit Judge:

We consider whether federal law preempts state law claims for breach of an interstate shipping contract and for common law fraud and conversion. The district court concluded that it had removal jurisdiction over Plaintiff-Appellant Eva Hall's complaint because her claims were completely preempted by the 1906 Carmack Amendment to the Interstate Commerce Act of 1887, 49 U.S.C. § 14706. The district court denied Hall's motion to remand and dismissed each of her claims.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I

The district court dismissed Hall's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We accept as true

the facts as Hall pleaded them in her complaint. *See Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911 (9th Cir. 2004).

Eva Hall contracted with North American Van Lines[1] in March 2001 to ship her household goods from San Francisco, California to Montana. The contract comprised a service order and a bill of lading. The bill of lading required that any claim for "loss or damage, injury or delay" be filed within nine months after "a reasonable time for delivery has elapsed." Although the contract omitted the estimated shipping charges and estimated date of arrival, Hall alleges that the Carriers orally agreed to a total charge of $6,144, payable upon the arrival of her goods in Montana.

After signing the contract, Hall released her property to the Carriers for shipment and departed for Montana. When she inquired several weeks later why her goods had not arrived, the Carriers informed Hall that they would not release her goods from storage and ship them until she paid $9,000 in transportation and storage charges. Hall acquiesced, but after 14 months of additional delay the Carriers demanded another $18,000. Hall refused to pay. She later convinced the Carriers to release her goods to her in San Francisco for a final additional payment of $4,612.

Hall filed her complaint in California state court in December 2002. The complaint alleged that the Carriers (1) breached the contract by refusing to ship her goods and demanding charges in excess of the $6,144 originally agreed upon, (2) fraudulently concealed their intentions to hold her goods for ransom and (3) converted Hall's goods to their personal use. Hall sought $500,000 in damages for her contract claim. She sought $13,312 in "bogus" shipping charges and $50,000 in

---

[1]Because there are few relevant factual distinctions between North American Van Lines, its agent All-City Moving and Storage and employee George Correa, we refer to the Defendants-Appellees collectively as the "Carriers."

special damages for her fraud claim, together with unspecified damages for her conversion claim.

The Carriers removed the case from state court under 28 U.S.C. §§ 1337(a) and 1441(b), asserting that Hall's complaint framed a cause of action under the Carmack Amendment, 49 U.S.C. § 14706.[2] The district court denied Hall's motion to remand and dismissed the case, concluding that the Carmack Amendment preempted claims arising from an interstate bill of lading. The district court also granted the Carriers' separate motion to dismiss based on Hall's failure to file a loss claim within the contract's nine-month limitations period. The district court granted Hall leave to amend her complaint to state an express Carmack Amendment claim.

Hall declined to amend and instead filed a notice of appeal, after which the district court entered final judgment. We deem Hall's premature appeal to have been taken from the judgment. *See* Fed. R. App. P. 4(a)(2).

## II

We review de novo the district court's dismissal of Hall's complaint for failure to state a claim upon which relief could be granted. *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). We also review de novo the district court's denial of Hall's motion to remand. *See Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir. 2002).

We may affirm on any basis supported by the record, whether or not relied upon by the district court. *Adams*, 355 F.3d at 1183.

---

[2]The Carmack Amendment limits a carrier's liability under an interstate bill of lading to "the actual loss or injury to the property caused by" the carrier. 49 U.S.C. § 14706(a). A plaintiff may bring a Carmack claim in state or federal court, *id.* § 14706(d)(3), but the district courts have original jurisdiction only if the amount in controversy exceeds $10,000, exclusive of interests and costs, 28 U.S.C. § 1337(a).

### III

This appeal presents a series of questions:

(A)  whether the district court had removal jurisdiction by virtue of a federal question on the face of Hall's well-pleaded complaint;

(B)  whether, in the alternative, federal jurisdiction arose because Hall's "artfully pleaded" complaint contains a cause of action that is completely preempted by the Carmack Amendment; and

(C)  whether any of Hall's claims survive preemption and should be remanded to state court.

### A

We begin by deciding whether Hall's common law claims for breach of contract, fraud or conversion established federal jurisdiction.

**[1]** Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**[2]** Hall's complaint does not contain a well-pleaded federal claim on its face. Each of her three claims relies exclusively on state law. *See id.* (plaintiff "may avoid federal jurisdiction by exclusive reliance on state law").

The Carriers raise federal preemption as a defense, but "the existence of a defense based upon federal law is insufficient

to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Hall's complaint also references and attaches an interstate shipping contract, but the presence of underlying federal issues does not create jurisdiction over a well-pleaded state law claim. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004) (claims "for damages stemming from alleged breach of contract" ordinarily arise under state law).

**[3]** Subject matter jurisdiction over Hall's complaint must arise, if at all, from something other than a well-pleaded federal claim.

### B

**[4]** The absence of a federal claim on the face of Hall's complaint does not end our jurisdictional inquiry. Although we usually defer to the plaintiff's choice to plead state law claims, there exist "a handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). Under the "artful pleading" doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). "[A]ny claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* A complaint containing a completely preempted claim may be removed to district court under § 1441. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

**[5]** The Carriers argue that the Carmack Amendment, 49

U.S.C. § 14706, is among the few statutes[3] that completely preempt well-pleaded state claims by "provid[ing] the exclusive cause of action for the claim asserted and also set[ting] forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8. We have described the Carmack Amendment as providing "a uniform national liability policy for interstate carriers." *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992); *see also Hunter v. United Van Lines*, 746 F.2d 635, 638 (9th Cir. 1985) (observing that plaintiffs' contract claim would have been completely preempted if it had satisfied Carmack's minimum amount in controversy). It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property.[4] *See, e.g.*, *Ga., Fla., & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 195 (1916) ("[T]he question as to the proper construction of the bill of lading is a Federal question."); *Adams Express Co. v. Croninger*, 226 U.S. 491,

---

[3]The Supreme Court has identified only four such statutes: section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a); and sections 85 and 86 of the National Bank Act of 1864, as amended, 12 U.S.C. §§ 85, 86. *Beneficial Nat'l Bank*, 539 U.S. at 6-8, 11.

[4]Hall relies on *Hunter* and its progeny to argue that complete preemption occurs only when federal law provides "a superseding remedy replacing the state law cause of action." *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 932 (9th Cir. 1986), *aff'd sub nom. Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). The Supreme Court has rejected this view, stating that the " 'breadth or narrowness of the relief which may be granted under federal law . . . is a distinct question from whether the court has jurisdiction over the parties and the subject matter.' " *Caterpillar*, 482 U.S. at 391 n.4 (quoting *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aero Space Workers*, 390 U.S. 557, 561 (1968)).

Our jurisdictional analysis requires us to decide only "whether [Hall's] claim arose under [federal law], thus permitting removal to federal court," even though Hall "may have sought a remedy available only under state law." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988).

505-06 (1913) (Carmack covers "the subject of the liability of the carrier under a bill of lading . . . so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it"); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) ("Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." (emphasis omitted)). These cases establish that the Carmack Amendment completely preempts a contract claim alleging loss or damage to property.

[6] Hall argues that her contract claim is not completely preempted because it arises from the Carriers' refusal to deliver rather than loss or damage to her property. We have not previously considered this argument, but the Fifth Circuit holds that the Carmack Amendment completely preempts a contract claim alleging the late delivery of goods, even without loss or property damage. *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993). We agree with that court's observation that making finer distinctions between types of contract damages would "defeat the purpose of the statute, which was to create uniformity out of disparity." *Id.* at 307; *see also Duerrmeyer v. Alamo Moving & Storage One, Corp.*, 49 F. Supp. 2d 934, 936 (W.D. Tex. 1999) (Carmack Amendment completely preempts "state law claims seeking to recover damages for charging an improper rate for transporting the goods and the failure to fulfill duties closely related to the duty of delivery").

[7] We hold that the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property.[5] Hall's breach of contract

---

[5]Hall relies on First and Seventh Circuit cases holding that a claim for intentional infliction of emotional distress that does not allege loss or damage of goods may avoid preemption. *See Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997). Hall's contract claim finds no support in these cases.

claim is completely preempted by the Carmack Amendment and satisfies the minimum amount in controversy. *See* 28 U.S.C. § 1337(a) ($10,000 minimum).[6]

[8] Because Hall's completely preempted contract claim presents a federal question, the district court properly denied Hall's motion to remand, *see Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983), and dismissed her contract claim on the merits, *see Moffit*, 6 F.3d at 306-07.

## C

[9] Having concluded that Hall's preempted contract claim established removal jurisdiction over the entire case, we need not decide whether her fraud and conversion claims also arise under federal law. The only remaining question is whether the district court properly dismissed Hall's fraud and conversion claims on the merits rather than remanding to state court.[7]

[10] Even if Hall's fraud and conversion claims do not arise under federal law, those claims were properly dismissed. *See Avco*, 390 U.S. at 561 ("The nature of the relief available after

---

[6]For removal purposes, the amount of damages sought in the complaint controls. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1993). Hall's complaint alleges that the Carriers' breach of contract was the proximate cause of general and consequential damages of at least $500,000. These damages, although based on the Carriers' refusal to deliver rather than loss or damage to property, are recoverable under the Carmack Amendment. *See Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 765 (9th Cir. 1981) (Carmack does not alter "common law rule that special, or consequential damages" are recoverable if foreseeable "as ordinary, natural consequences of a breach when the contract was made").

[7]The district court dismissed Hall's "federal" contract claim in the same order as her remaining state law claims. We need not consider whether the district court properly exercised supplemental jurisdiction over Hall's fraud and conversion claims under 28 U.S.C. § 1367. *See Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000).

jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy."). The Carmack Amendment may constitute an affirmative defense even to state law claims that are not completely pre-empted.**[8]** *See Wayne*, 294 F.3d at 1182-85. We so held in *Hughes*, concluding that the Carmack Amendment required the dismissal of a common law negligence claim against a carrier. 970 F.2d at 613.

**[11]** Our holding in *Hughes* applies to Hall's common law fraud and conversion claims, even though Hall's claims arise from events other than loss or damage to her property. It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. *See Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (delay); *Blish Milling*, 241 U.S. at 197 (mistaken delivery); *Adams Express*, 226 U.S. at 505-06 (loss). It applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery. *See Blish Milling*, 241 U.S. at 197 (conversion, or "trover"); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002) (dismissing claims that carrier committed fraud by accepting shipments it "had no intention of fulfilling or attempting to deliver") (internal quotation marks omitted)).

**[12]** Hall was not entitled to have her fraud and conversion claims remanded to state court.**[9]**

---

**[8]**Complete preemption (a jurisdictional issue) converts a well-pleaded state law claim into an inherently federal claim for jurisdictional purposes; defensive preemption (a substantive issue) does not enable removal, but does constitute a complete defense to a state law claim. *See Hughes*, 970 F.2d at 613 (no jurisdictional question presented, but Carmack required dismissal of common law negligence claim).

**[9]**Because Hall declined to amend her complaint to add a Carmack claim, we need not address the district court's separate ground for dismissal based on Hall's failure to plead compliance with the contract's nine-month limitations period.

## IV

The district court properly denied Hall's motion to remand and properly dismissed each of Hall's common law claims on the merits.

AFFIRMED.