Ed ANDREWS and Laura Andrews, Plaintiffs,

v.

ATLAS VAN LINES, INC.; Daniel Moving Systems, Inc.; Atlantic Relocation Systems; John Doe 1; and Doe 2, Defendants.

Civil Action No. 2:07–CV–72–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Aug. 24, 2007.

**1330**

James Lloyd Bass, Office of James L. Bass, Blue Ridge, GA, for Plaintiffs.

David Michael Van Sant, Scott W. McMickle, Dennis, Corry, Porter & Smith, LLP, Atlanta, GA, for Defendants.

## ORDER

WILLIAM C. O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of defendants' motion to dismiss plaintiffs' state law claims [2–1].

### I. Background

In their complaint, plaintiffs allege that, in July 2006, they contracted with defendant Atlas Van Lines, Inc. ("Atlas") for the transport of their household goods from Madisonville, Louisiana to Mineral Bluff, Georgia.[1] According to plaintiffs, their possessions were destroyed, damaged, or otherwise rendered unusable as the result of defendants' alleged negligence. On June 1, 2007, plaintiffs filed a complaint in the Superior Court of Fannin County, Georgia, alleging state law claims of gross negligence against defendants. Plaintiffs seek monetary damages for their actual pecuniary loss and mental anguish; they also seek attorneys' fees, costs of litigation, and exemplary damages.[2]

Defendants removed the case to this court on June 29, 2007, asserting that federal jurisdiction existed because plaintiffs' claims arose exclusively under the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 13101 *et seq.* Defendants then filed a motion to dismiss in which they argue that plaintiffs' state law claims are preempted by the Carmack Amendment. Plaintiffs filed no response to the motion to dismiss, indicating that they do not oppose this motion. LR 7.1B, NDGa. Nevertheless, the court must determine whether dismissal of plaintiffs' state law claim is appropriate.

### II. Analysis

Defendants' motion to dismiss relies on the premise that plaintiffs' claims are preempted by the Carmack Amendment, which governs a motor carrier's liability for the loss of or damage to goods shipped in interstate commerce. 49 U.S.C. § 14706. It is well-established that the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods. *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject [of carrier liability for loss or damage to goods transported under interstate bills of lading], and supersede all state regulation with refer-

---

1. According to the complaint, defendant Atlantic Relocation Systems, Inc. is the interstate booking agent for Atlas, and Daniel Moving Systems, Inc. is the contract carrier that was responsible for packing, storing, and moving plaintiffs' possessions. John Does 1 and 2 are drivers who transported plaintiffs' household goods.

2. Plaintiffs seek a total of $250,000 in damages.

ence to it."); *Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196, 36 S.Ct. 541, 60 L.Ed. 948 (1916) (holding that the language of the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation").

 It is clear that plaintiffs' state law claims all arise from defendants' failure to transport and deliver their possessions in accordance with the contract; plaintiffs have not alleged any conduct that is separate and distinct from defendants' failure to transport and deliver their possessions. Therefore, the Carmack Amendment preempts plaintiffs' state law claims for negligence. *Smith v. UPS*, 296 F.3d 1244, 1249 (11th Cir.2002) ("[S]eparate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment."). Plaintiffs' claim for "exemplary damages" is also preempted as it is based on defendants' alleged failure to exercise reasonable care in the transport of their possessions. (Compl. ¶ 12.) Furthermore, plaintiffs' state law claim for attorneys' fees and costs (Compl. ¶ 11) is preempted because it alleges liability relating to defendants' failure to adequately resolve plaintiffs' claim for damages that arose from the transport of their possessions. *See Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.1997) (holding that the Carmack Amendment preempts all state law claims that impose liability on carriers based on loss or damage to shipped goods, including "all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims").

Although plaintiffs' state law claims are clearly preempted, the court must determine whether plaintiffs' complaint was properly removed. While both parties seem to accept that the court has jurisdiction over this case,[3] the court must answer this question for itself. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

 As pled, the complaint does not clearly set forth a federal claim. On its "face," the complaint asserts only a state law cause of action for negligence. Ordinarily, a plaintiff is the "master of the claim" and may choose to rely on state law, despite the fact that he may have a cause of action under federal law as well. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A defendant cannot usually remove a case brought solely pursuant to state law simply by asserting a federal defense, even the defense of federal preemption. *BLAB T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir.1999).

 Obviously, if the court were to apply these general rules, it would have to conclude that subject matter jurisdiction does not exist: the parties are not diverse, and the complaint's face reveals only state law causes of action. But the court is not being asked to and need not apply these general rules. Indeed, plaintiffs' complaint may actually arise under federal law if the court finds that the complete preemption doctrine, an exception to the "well-pleaded complaint" rule, applies in this case. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425; *see also Metropolitan Life Ins.*

---

**3.** Plaintiffs have neither moved to remand the case nor responded with any objections to defendants' motion to dismiss. Meanwhile, defendants have requested dismissal of plaintiffs' *state* law claims only, not the entire complaint.

*Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("One corollary of the well-pleaded complaint rule ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). Complete preemption occurs when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotation marks and citation omitted). Neither the Supreme Court nor the Eleventh Circuit has considered whether the complete preemption doctrine applies to the Carmack Amendment. The two Circuit Courts that have addressed the issue, however, have found that the doctrine does apply. *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683 (9th Cir.2007); *Hoskins v. Bekins Van Lines,* 343 F.3d 769 (5th Cir.2003).

In 1999, the Eleventh Circuit stated that complete preemption was "narrowly drawn" and observed that it had been applied "hesitatingly" by the Supreme Court with "no enthusiasm" for extending it to other contexts. *BLAB T.V.,* 182 F.3d at 854–56. In 2003, however, the Supreme Court extended the doctrine of complete preemption to claims preempted by the National Banking Act. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). The Supreme Court explained that in determining whether the complete preemption doctrine applied to a particular statute, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable." *Id.* at 9 n. 5, 123 S.Ct. 2058. In *Hoskins,* the Fifth Circuit reconsidered its previous position regarding the preemptive effect of the Carmack Amendment in the aftermath of *Beneficial* and ultimately held:

We are persuaded ... that Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from interstate transportation of those goods by a common carrier. Accordingly, we hold that the complete pre-emption doctrine applies [and] ... find that [the plaintiff's] claims "only arise[ ] under federal law and could, therefore, be removed under § 1441."

343 F.3d at 778 (quoting *Beneficial Nat'l Bank,* 539 U.S. at 11, 123 S.Ct. 2058). Likewise, the Ninth Circuit, the only other court to consider this issue, found that the federal court had jurisdiction over plaintiff's complaint alleging a breach of contract action that was completely preempted by the Carmack Amendment. *Hall,* 476 F.3d at 689.

The court hereby finds that plaintiffs' claims are completely preempted by the Carmack Amendment and, therefore, that they necessarily arise under federal law. After reviewing recent cases, the court agrees with the Fifth Circuit that *Beneficial* represents a shift in the legal landscape surrounding the complete preemption doctrine. *Hoskins,* 343 F.3d at 773–76. Therefore, despite the Eleventh Circuit's pre-*Beneficial* hesitancy towards extending the doctrine, this court does not believe that the law in this circuit requires it to remand this case for lack of jurisdiction.

While the complaint does not explicitly raise a federal claim, a liberal reading of the complaint reveals a Carmack Amendment claim. *See U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.,* 296 F.Supp.2d 1322, 1339 (S.D.Ala.2003) ("Through the magic of 'jurisdictional alchemy' (to quote Justice Scalia's dissent in *Beneficial* ), [the plaintiff's] state law claims morph into a federal Carmack Amendment claim, there being 'no such

thing' as a state law claim against a common carrier for damage to goods in interstate transportation."). Plaintiffs have alleged that they entrusted their household goods to defendants for interstate transport, that the goods were destroyed or damaged during transport, and that, as a result, plaintiffs incurred specified damages in excess of $100,000.00. Accordingly, plaintiffs' allegations are sufficient to allege a claim under the Carmack Amendment. *See Fine Foliage of Fla., Inc. v. Bowman Transp., Inc.*, 901 F.2d 1034, 1037 (11th Cir.1990) (holding that a plaintiff may establish a prima facie case under the Carmack Amendment by showing that (1) the goods were delivered to the carrier in good condition, (2) the goods arrived at the destination in a damaged condition, and (3) a specified amount of damages resulted). Plaintiffs' claim arises under federal law and satisfies the minimum amount in controversy; defendants' removal was therefore proper and this court has subject matter jurisdiction over the dispute. *See* 28 U.S.C. § 1337 (providing that the district court shall have original jurisdiction over a Carmack Amendment claim where the amount in controversy exceeds $10,000) and § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable.").

The court, however, is concerned that plaintiffs' complaint is susceptible to a challenge for a more definite statement. Accordingly, the court will require plaintiffs to amend their complaint to clarify their Carmack Amendment claim and to comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure. FED.R.CIV.P. 8(a) (requiring a claim for relief to contain (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the claim showing entitlement to relief, and (3) a demand for judgment).

## IV. Conclusion

In light of the foregoing, defendants' motion to dismiss [2–1] is hereby **GRANTED**. Plaintiffs are hereby **ORDERED** to amend their complaint **within ten (10) days** of the date of this order to clarify their Carmack Amendment claim and to satisfy the requirements of Rule 8.

IT IS SO ORDERED.