Sherrod F. **MOORE; Millenium 2, Inc.,** Plaintiffs–Appellants,

v.

**YOUNG BROTHERS, LTD.,** Defendant–Appellee.

Sherrod F. Moore; Millenium 2, Inc., Plaintiffs–Appellees,

v.

Young Brothers, Ltd., Defendant–Appellant.

Nos. 06–16884, 06–16885.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2008.

Filed July 7, 2008.

R. Steven Geshell, for Plaintiffs–Appellants.

Mark S. Hamilton, John O'Kane, Jr., Frame Formby and O'Kane, Honolulu, HI, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

### MEMORANDUM *

We must first discharge the appellate court's "special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 73, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (internal citations and internal quotation marks omitted)). The district

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court treated Moore's claims as maritime contract claims and asserted maritime jurisdiction under 28 U.S.C. § 1333. We disagree with this conclusion. Moore's complaint alleges Hawaii tort claims of conversion and negligence. *See* HAW.REV. STAT. §§ 490:7–204, 7–210, 7–308(h), 7–309. Under the well-pleaded complaint rule, Moore is "the master of [his] claim; he ... may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Although Moore's complaint states that Young Bros. failed to deliver goods and attaches a page from the bill of lading, "the presence of underlying federal issues does not create jurisdiction over a well-pleaded state law claim." *See Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 687 (9th Cir.2007). Because Moore alleges tort claims arising out of allegedly negligent storage of goods already offloaded onto the docks, his state law tort claims do not constitute federal maritime torts. *See Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 261, 268, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Whitcombe v. Stevedoring Servs. of Am.,* 2 F.3d 312, 314–16 (9th Cir.1993). We therefore lack maritime jurisdiction over Moore's claims.

■ Nor do we have federal question jurisdiction over Moore's claims under 28 U.S.C. § 1331. Moore's state law claims do not "raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Moreover, an affirmative defense that arises under federal law does not create federal subject matter jurisdiction. *See, e.g., Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123

S.Ct. 2058, 156 L.Ed.2d 1 (2003); *Hall,* 476 F.3d at 687. Young Bros.'s arguments relating to its bill of lading and the limitations period established therein are affirmative defenses to Moore's state law claims, *see Han v. Mobil Oil Corp.,* 73 F.3d 872, 877–78 (9th Cir.1995), and therefore do not create subject matter jurisdiction in this case.

■ Young Bros. argues that we have federal question jurisdiction over Moore's state law tort claims because they are completely preempted by the federal Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 30701 historical and statutory notes, and the Harter Act, *id.* §§ 30701– 30707. We disagree. We need not decide whether COGSA completely preempts state law claims involving a contract subject to COGSA because the contract between Moore and Young Bros. is not subject to COGSA. Under COGSA § 13, 46 U.S.C. § 30701 historical and statutory notes, a contract for carriage of goods by sea between two ports of the United States (or its possessions) is not subject to COGSA unless the contract contains "an express statement that it shall be subject to the provisions of [COGSA]." COGSA § 13; *see Pan Am. World Airways, Inc. v. Cal. Stevedore & Ballast Co.,* 559 F.2d 1173, 1175–76 & nn. 3–4 (9th Cir.1977); *see also Inst. of London Underwriters v. Sea– Land Serv., Inc.,* 881 F.2d 761, 763, 765 (9th Cir.1989). Here the parties' agreement does not include such an express statement. Rather, the agreement incorporates specific provisions of COGSA by reference (and excludes other provisions). These selective references are insufficient to make the agreement between Moore and Young Bros. subject to COGSA. Therefore, we do not have federal question jurisdiction under COGSA in this case.

■ Nor does the Harter Act completely preempt Moore's state law claims. *See*

46 U.S.C. §§ 30701–30707. Complete preemption is an extraordinary exception to the general rule that federal preemption is merely an affirmative defense to a state law claim. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425. Complete preemption applies only when it is clear that Congress intended the federal cause of action to be exclusive and to displace the state cause of action. *See Beneficial,* 539 U.S. at 9–10 & n. 5, 123 S.Ct. 2058. Nothing in the Harter Act suggests that Congress had such an intent. Indeed, the Harter Act does not even provide a federal cause of action; rather, it limits a vessel owner's liability from suit. Because there is no basis for holding that the Harter Act displaces state causes of action, it cannot be a basis for federal question jurisdiction in this case.

In the absence of subject matter jurisdiction, we vacate the decision of the district court and remand with instructions to remand the case to the Hawaii state court.

**VACATED and REMANDED.**

RYMER, Circuit Judge, dissenting.

I read Moore's complaint differently, which leads me to a different result from the majority. I believe the complaint also alleges a failure to deliver Moore's goods in Hilo, as the parties agreed. As the agreement is reflected in a bill of lading for carriage of goods by sea, I would say that maritime jurisdiction exists. 28 U.S.C. § 1333. I agree with the district court's substantive analysis. Accordingly, I would affirm.