Our mandate did not preclude the district court from holding an evidentiary hearing to recalculate the amount of the indemnity award. *See Stevens v. F/V Bonnie Doon,* 731 F.2d 1433, 1435–36 (9th Cir.1984); *United States v. Kellington,* 217 F.3d 1084, 1092–93 (9th Cir.2000).

### AFFIRMED.

**Donald C. MARRO, Plaintiff–Appellant,**

v.

**GLOBE CORPORATION, doing business as East West moving and storage, Defendant–Appellee.**

No. 05–17046.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2008.*

Filed July 22, 2008.

Donald C. Marro, Delaplane, VA, pro se.

Before: KOZINSKI, Chief Judge, BROWNING and SKOPIL, Circuit Judges.

### MEMORANDUM **

The Carmack Amendment, 49 U.S.C. § 14706, is applicable to Marro's claims and completely preempts Marro's stated causes of action. The Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property, *see Hall v. North American Van Lines, Inc.,* 476 F.3d 683, 688 (9th Cir.2007), and all of Marro's alleged injuries stem directly from Globe Corp.'s loss of his property.

The Carmack Amendment limits a carrier's liability under an interstate bill of lading to the actual loss or injury to the property caused by the carrier; punitive damages are therefore not available. 49 U.S.C. § 14706; *Hall,* 476 F.3d at 686 n. 2 (quoting 49 U.S.C. § 14706(a)); *Neptune Orient Lines, Ltd. v. Burlington Northern and Santa Fe Ry. Co.,* 213 F.3d 1118, 1120 (9th Cir.2000). Thus, the district court properly denied Marro's request for punitive damages.

The liability limitation agreement that Marro signed is only enforceable if he had "reasonable notice of the liability limitation

---

** The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and the opportunity to obtain information necessary to making a deliberate and well-informed choice." *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 612 (9th Cir.1992). Magistrate Judge Chen found that Marro had a reasonable opportunity to choose between different levels of coverage and was not under duress. The district court adopted the Magistrate's report "in every respect." These factual findings are not clearly erroneous. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir.2001). The liability limitation agreement is therefore enforceable.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.