MEMORANDUM **
John P. Dunbar appeals pro se from the district court’s summary judgment for World Triathlon Corporation (“WTC”) in its action against Dunbar alleging trademark infringement and state law causes of action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s summary judgment. Au-Tomotive Gold, Inc. v. Volkswagen of America, Inc., 457 F.3d 1062, 1075 (9th Cir.2006). We review for abuse of discretion the district court’s decision to reject an affirmative defense of laches. Reno Air Racing Ass’n., Inc. v. McCord, 452 F.3d 1126, 1138 (9th Cir.2006). We may affirm on any basis supported by the record, whether or not relied upon by the district court. Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686 (9th Cir.2007). We affirm.
The district court properly granted summary judgment to WTC because Dunbar failed to raise a triable issue as to whether WTC had an exclusive right to the contested trademarks, see Watec Co., Ltd. v. Liu, 403 F.3d 645, 652 (9th Cir.2005), and whether Dunbar’s use of the trademarks created a likelihood of confusion about the source or sponsorship of Dunbar’s products, see Au-Tomotive Gold, Inc., 457 F.3d at 1075-78.
The district court correctly concluded that Dunbar failed to raise a triable issue as to whether he began using the disputed trademarks before WTC registered them, and whether he used the marks continuously after they were registered. See Watec Co., 403 F.3d at 652 (explaining that defendant claiming senior rights in a federal trademark under 15 U.S.C. § 1065 has the burden to show (1) use of mark before its registration and publication and (2) continuous use since that time).
Given Dunbar’s counterclaims that his marks were identical to WTC’s, the district court correctly determined that there was no triable issue as to whether customers were likely to be confused about the source of Dunbar’s products. See Perfumebay.com Inc. v. EBAY, Inc., 506 F.3d 1165, 1173 (9th Cir.2007) (“The core element of trademark infringement is whether customers are likely to be confused about the source or sponsorship of the products.”) (citations and quotation marks omitted).
The district court did not abuse its discretion by rejecting Dunbar’s affirmative defense of laches, because Dunbar failed to rebut the strong presumption that laches is inapplicable when an action is timely filed. See Reno Air Racing Ass’n., 452 F.3d at 1139 (holding that district court did not abuse its discretion in declining to apply laches in trademark infringement action).
We do not consider Dunbar’s new arguments on appeal. See Turnacliff v. Westly, 546 F.3d 1113, 1120 (9th Cir.2008).
Dunbar’s remaining contentions are unavailing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.