MEMORANDUM **
Armando Roberto Aros, an Arizona state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action claiming violations of due process, equal protection, and the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000) (28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (28 U.S.C. § 1915(e)); Aguilera v. Baca, 510 F.3d 1161, 1167 (9th Cir.2007) (summary judgment). We may affirm on any basis sup *487 ported by the record. Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686 (9th Cir.2007). We affirm in part, vacate in part, and remand.
The district court properly dismissed Aros’s procedural due process claim because prison regulations provided Aros with “fair notice” that conspiring to assault another inmate was prohibited. See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996) (“[D]ue process requires fair notice of what conduct is prohibited before a sanction can be imposed.”).
The district court properly granted summary judgment on Aros’s Eighth Amendment claim because Aros failed to demonstrate a triable issue as to whether defendants deprived him of the “minimal civilized measure of life’s necessities,” or acted with deliberate indifference towards his health or safety. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir.2000) (en banc).
The district court did not abuse its discretion by denying Aros’s motion for a third extension of time to file an opposition to defendants’ motion for summary judgment because, among other reasons, the district court previously advised Aros that no further extensions would be granted. See Kyle v. Campbell Soup Co., 28 F.3d 928, 930 (9th Cir.1994) (reviewing for an abuse of discretion a district court’s ruling under Rule 6(b) of the Federal Rules of Civil Procedure).
We vacate the dismissal of Aros’s equal protection claim. Aros’s complaint alleged that other inmates systematically received lesser punishment for conspiring to assault other inmates, and that defendants singled him out for the sole purpose of depriving him of the evidentiary and procedural safeguards accorded other inmates in his situation. These allegations are sufficient to state a claim. See McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991) (describing requirements for stating an equal protection claim). Accordingly, we vacate the dismissal and remand for further proceedings.
Aros’s remaining contentions are unpersuasive.
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.