**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA KROTTNER and ISHAYA SHAMASA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>STARBUCKS CORPORATION, a Washington Corporation,<br><br>    Defendant - Appellee. | No. 09-35823<br><br>D.C. No. 2:09-cv-00216-RAJ<br><br>MEMORANDUM[*] |

| | |
|---|---|
| JOSEPH LALLI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>STARBUCKS CORPORATION, a Washington Corporation,<br><br>    Defendant - Appellee. | No. 09-35824<br><br>D.C. No. 2:09-cv-00389-RAJ |

Appeal from the United States District Court

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted October 6, 2010
Seattle, Washington

Before: KOZINSKI, Chief Judge, and THOMAS and M. SMITH, Circuit Judges.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We have jurisdiction under 28 U.S.C. § 1291. In a separate opinion, we hold that Plaintiffs-Appellants have standing to bring this suit under Article III of the Constitution. Here, we hold that Plaintiffs-Appellants did not adequately allege the elements of their state-law claims, and that certification is unnecessary. We affirm.

As an initial matter, our holding that Plaintiffs-Appellants pled an injury-in-fact for purposes of Article III standing does not establish that they adequately pled damages for purposes of their state-law claims. *See Doe v. Chao*, 540 U.S. 614, 624-25 (2004) (explaining that an individual may suffer Article III injury and yet fail to plead a proper cause of action). Rather, Plaintiffs-Appellants must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). They have not done so here.

2

First, Plaintiffs-Appellants have not established a cognizable injury for purposes of their negligence claim. Under Washington law, "[a]ctual loss or damage is an essential element in the formulation of the traditional elements necessary for a cause of action in negligence . . . . The mere danger of future harm, unaccompanied by present damage, will not support a negligence action." *Gazija v. Nicholas Jerns Co.*, 543 P.2d 338, 341 (Wash. 1975). The alleged injuries here stem from the danger of future harm. Even Shamasa, the only plaintiff who claims his personal information has been misused, alleges no loss related to the attempt to open a bank account in his name. And Plaintiffs-Appellants have waived any argument that Lalli's alleged anxiety constitutes an actionable injury, as they did not properly raise it in their opening brief before us. *See Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007). We therefore affirm the dismissal of their negligence claim.

Second, Plaintiffs-Appellants have not adequately alleged the existence of an implied contract under Washington law.[1] "Before a court can find the existence of an implied contract in fact, there must be an offer; there must be an acceptance;

---

[1] The district court dismissed this claim for failure to adequately allege a cognizable injury. However, "[w]e may affirm on any basis supported by the record, whether or not relied upon by the district court." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).

the acceptance must be in the terms of the offer; it must be communicated to the offeror; there must be a mutual intention to contract; [and] there must be a meeting of the minds of the parties." *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 301 P.2d 759, 762 (Wash. 1956) (citation omitted). Plaintiffs-Appellants point to three documents they claim formed an implied contract, but they do not allege that they read or even saw the documents, or that they understood them as an offer. Nor do they allege that they accepted the purported offer on its terms. To the contrary, Plaintiffs-Appellants assert that they accepted a specific offer to encrypt and otherwise safeguard their personal data even though the documents include no such terms and only generally discuss access to confidential information. Plaintiffs-Appellants therefore have not adequately pled the existence of an implied contract under Washington law.

Because the elements of negligence and breach of contract claims are sufficiently clear under Washington law, there is no need to certify a question to the Washington Supreme Court. *See City of Houston, Tex. v. Hill*, 482 U.S. 451, 471 (1987) ("It would be manifestly inappropriate to certify a question in a case where, as here, there is no uncertain question of state law whose resolution might affect the pending federal claim."). Because we hold that Plaintiffs-Appellants failed sufficiently to allege the elements of their claims, we need not address

4

whether credit monitoring is an available remedy or whether the economic-loss rule bars economic damages for purposes of the negligence claims.

**AFFIRMED.**