23-833-cv
*Azzil Granite Materials, LLC v. Canadian Pacific Railway Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-four.

Present:

> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> *Circuit Judges*.[*]

---

AZZIL GRANITE MATERIALS, LLC,

     *Plaintiff-Appellant*,

     v.                                     23-833

CANADIAN PACIFIC RAILWAY COMPANY, DELAWARE & HUDSON RAILWAY COMPANY, NEW YORK AND ATLANTIC RAILWAY COMPANY,

     *Defendants-Appellees*.[†]

---

| | |
|---|---|
| For Plaintiff-Appellant: | LISA J. RODRIGUEZ (Ira Neil Richards, *on the brief*), Dilworth Paxson LLP, Philadelphia, PA |
| For Defendants-Appellees Canadian Pacific Railway Company and Delaware & Hudson Railway Company: | David F. Rifkind, Joshua K. Poertner, Stinson LLP, Washington, DC and Minneapolis, MN |

---

[*] Judge Steven J. Menashi, originally a member of the panel, recused himself. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

[†] The Clerk of Court is directed to amend the caption as set forth above.

1

For Defendant-Appellee New York and Atlantic Railway Company: Kyle G. Kunst, Gallet Dreyer & Berkey, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (James M. Wicks, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Azzil Granite Materials, LLC ("Azzil") appeals from a judgment of the United States District Court for the Eastern District of New York (James M. Wicks, *Magistrate Judge*), entered on May 10, 2023, granting Defendants-Appellees Canadian Pacific Railway Company ("CP"), Delaware & Hudson Railway Company ("D&H"), and New York and Atlantic Railway Company's ("NYA," and collectively with CP and D&H, the "Railroads") motion for summary judgment. In July 2016, Azzil entered into a contract with CP and D&H, pursuant to which the Railroads would transport Azzil's stone from Comstock, New York to Hicksville, New York. Among other things, the contract provided that "CP will do best commercially reasonable efforts to return all cars within 2 to 4 days" to Comstock for reloading by Azzil. J. App'x at 238. Azzil alleges that beginning in 2018, there were issues with the Railroads promptly turning around the railcars after being unloaded in Hicksville, which affected Azzil's business. Azzil ultimately filed for bankruptcy in June 2019. *See In re Lizza Equip. Leasing, LLC*, 614 B.R. 653, 657 (Bankr. D.N.J. 2020). In May 2020, Azzil sued the Railroads in the district court, asserting claims for violations of the Carmack Amendment, 49 U.S.C. § 11706, and for breach of contract.[1] At summary judgment, the district court held that Azzil's breach of contract claims were preempted by the Carmack Amendment and that its Carmack claims failed because Azzil did not comply with

---

[1] Azzil also asserted a claim for fraudulent inducement against NYA, which was dismissed for failure to state a claim. Azzil does not challenge the dismissal of that claim on appeal.

the Carmack Amendment's strict notice requirements. This appeal followed. We assume the parties' familiarity with the case.

We review a district court's decision to grant summary judgment *de novo*, "construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023).[2] Likewise, a "determination regarding preemption is a conclusion of law, and we therefore review it *de novo*." *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 100 (2d Cir. 2009).

Azzil first argues that the district court erred in holding that its breach of contract of claims were preempted by the Carmack Amendment. The Carmack Amendment "addresses the subject of carrier liability for goods lost or damaged during shipment, and most importantly provides shippers with the statutory right to recover for the actual loss or injury to their property caused by any of the carriers involved in the shipment." *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 377 (2d Cir. 1994) (emphasis omitted); *see* 49 U.S.C. § 11706(a). In enacting the Carmack Amendment, "Congress intended to provide interstate carriers with reasonable certainty and uniformity in assessing their risks and predicting their potential liability." *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.6 (2d Cir. 2001). The Carmack Amendment accomplished this by (1) "establishing a single uniform regime for recovery by shippers directly from the interstate common carrier in whose care their items are damaged," and (2) "preempting the shipper's state and common law claims against a carrier for loss or damage to goods during shipment." *Id.* The Carmack Amendment's broad preemptive scope has been well established for over a century, *see, e.g.*, *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913); *Ga., Fla. & Ala. Ry. Co. v.*

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

*Blish Milling Co.*, 241 U.S. 190, 196 (1916), and "is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property," *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).

Azzil contends that its breach of contract claims are not preempted because those claims relate only to the Railroads' "failure to use 'best efforts' to return railcars within 2 to 4 days," which are separate and distinct claims from its Carmack claims premised on the Railroads' "delay or failure to timely delivery stone." Appellant's Br. at 8. We disagree. While the Carmack Amendment's preemptive scope is not boundless, *see, e.g.*, *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1249 (11th Cir. 2002); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 284 (7th Cir. 1997), it does cover Azzil's breach of contract claims here. The Railroads' alleged delay in returning the railcars to Comstock in a timely manner harmed Azzil because Azzil was then delayed in getting more stone to market. Thus, Azzil's breach of contract claims, at bottom, relate to alleged delays or failure to deliver goods, which are preempted by the Carmack Amendment. *See* J. App'x, at 15, ¶ 109 (Defendants "failed to . . . return Azzil's railcars *so that Azzil could refill them with orders for customers*." (emphasis added)). Indeed, Azzil's breach of contract claims rest on the same facts and seek the same damages as its Carmack claims. *See, e.g.*, *id.* at 4, ¶ 16 ("Canadian Pacific and D&H breached the terms of Canadian Pacific's contract with Azzil, and Canadian Pacific, D&H, and NYA violated 49 U.S.C. § 11706 (the 'Carmack Amendment'), because they failed to deliver and return railcars."). Such a claim is likely to arise in the context of claims at the heart of the Carmack Amendment and would not be considered separately. Accordingly, the district court properly granted summary judgment to the Railroads with respect to Azzil's breach of contract claims.[3]

---

[3] Azzil does not challenge on appeal the district court's dismissal of its Carmack claims. At oral argument,

*    *    *

We have considered all of Azzil's remaining arguments and find them unpersuasive.  For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

Azzil conceded that its Carmack claims were untimely and therefore "there are no Carmack claims presently before the Court."  Oral Argument at 1:20, *Azzil Granite Materials, LLC v. Can. Pac. Ry. Corp.*, No. 23-833 (2d Cir. Apr. 11, 2024).