**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN FAULKNER, on behalf of himself and all others similarly situated,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>ADT SECURITY SERVICES, INC.; ADT SECURITY SYSTEMS, WEST, INC.; TYCO INTERNATIONAL (U.S.) INC.,<br><br>*Defendants-Appellees*. | No. 11-16233<br><br>D.C. No.<br>3:11-cv-00968-JSW<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted
November 5, 2012—San Francisco, California

Filed January 17, 2013

Before: Robert D. Sack,[*] Ronald M. Gould,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Sack

## SUMMARY[**]

### California Invasion of Privacy Act

The panel remanded to the district court to give the plaintiff an opportunity to seek to amend his complaint to successfully plead a cause of action under California's invasion of privacy law.

The complaint was filed in a California state court governed by state procedural rules, and removed to federal court on diversity of citizenship grounds. The panel agreed with the district court that the complaint failed to state a plausible claim under California's Invasion of Privacy Act, but the panel remanded to allow plaintiff to amend to attempt to successfully plead a cause of action under the federal standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[*] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Gretchen Carpenter (argued), Strange & Carpenter, Los Angeles, California, for Plaintiff-Appellant.

Robert Hickok, *pro hac vice* (argued), Pepper Hamilton LLP, Philadelphia, Pennsylvania, for Defendants-Appellees.

---

**OPINION**

SACK, Circuit Judge:

John Faulkner, a California resident, brought a putative class action against ADT Security Services, Inc., ADT Security Systems, West, Inc., and Tyco International, Inc., (collectively "ADT") in California Superior Court alleging that ADT recorded his telephone conversation with an ADT representative without his consent in violation of Section 632 of California's invasion of privacy law. Cal. Penal Code § 632. The case was later removed by the defendant to the United States District Court for the Northern District of California on diversity grounds. Upon ADT's motion, the district court concluded that Faulkner's pleadings failed to state a plausible claim upon which relief could be granted and therefore dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Although we agree with the district court, we remand in order to give the plaintiff an opportunity to seek to amend his complaint to successfully plead a cause of action under the federal standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## FACTUAL AND PROCEDURAL BACKGROUND

According to his complaint, on March 4, 2010, John Faulkner contacted his security provider, ADT, by telephone to dispute a charge assessed by ADT. Faulkner was transferred to ADT's technical line, where, he alleges, he began hearing periodic "beeping" sounds during the conversation. Upon inquiring about the sounds, Faulkner was informed that his telephone conversation was being recorded by ADT.

Faulkner told the representative that he had not previously been informed that the conversation was being recorded and that he did not wish to continue the conversation if the recording continued. The representative advised Faulkner to contact the customer service line to discuss the issue. Faulkner called on the customer service line, where he asked to speak with a representative on a line that was not being recorded. That representative informed Faulkner that it was the company's policy to record telephone calls and advised Faulkner to end the call if he did not wish to be recorded, which he did.

Based on these conversations, Faulkner filed a claim alleging a violation of Section 632 of California's invasion of privacy law, Cal. Penal Code § 632, in the Superior Court of California, County of San Mateo, on February 3, 2011. Faulkner alleged that his was a confidential communication under the statute and that ADT had violated the statute by recording the conversation without first obtaining his consent. He alleged that conversations such as his were confidential "because they are carried on in circumstances as may reasonably indicate that any party to the communication

desires it to be confined to the parties thereto." Pl.'s Compl. ¶ 27.

On March 2, 2011, ADT removed this action to the United States District Court for the Northern District of California, asserting jurisdiction under 28 U.S.C. § 1332(d)(2). On March 21, 2011, ADT filed a motion to dismiss Faulkner's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. By order dated May 12, 2011, the district court (Jeffrey S. White, J.) granted the motion.

The district court concluded that Faulkner's conversation was not a confidential communication because he had "no objectively reasonable expectation that his telephone conversation with ADT would not be overheard or recorded . . . ." *Faulkner v. ADT Sec. Servs., Inc.*, No. 11-00968, 2011 U.S. Dist. LEXIS 50993, at \*8, 2011 WL 1812744, at \*3 (N.D. Cal. May 12, 2011). In reaching this conclusion, the court looked at the "surrounding circumstances to determine whether the parties had an objectively reasonable expectation that the conversation [wa]s not being recorded or overheard," *id.*, and concluded that Faulkner had "not alleged what circumstances would support an expectation of privacy in such a call," *id.* at \*10, 2011 WL 1812744, at \*4. The court distinguished Faulkner's allegations from the facts of cases in which courts had found a reasonably warranted expectation of confidentiality on the grounds that the nature of ADT's business and the character of the call would not alone provide for such an objectively reasonable expectation. *Id.* at \*10–11, 2011 WL 1812744, at \*3–4. The court therefore granted ADT's motion to dismiss the complaint with prejudice. Faulkner appeals.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear Faulkner's appeal under 28 U.S.C. § 1291 because the judgment from which he appeals is a "final decision[] of the district court[.]"  We review *de novo* the district court's order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

California's Invasion of Privacy Act provides, in relevant part, that "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device . . . records the confidential communication" violates the statute. Cal. Penal Code § 632(a).  The statute also provides, in Section 632(c), that "[t]he term 'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication

desires it to be confined to the parties thereto . . . ." *Id.* § 632(c). The statute does not reach a communication made "in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Id.*

The California Supreme Court has concluded that a conversation is confidential within the meaning of Section 632 "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117 n.7 (2006) (quoting *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776–77 (2002)). The standard of confidentiality is "an objective one defined in terms of reasonableness." *Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1488 (1988).

In the context of a business-related telephone call, courts have looked to the circumstances surrounding the call to divine whether the standard has been met, including the "nature of [the defendant's] business and the character of the communications." *Flanagan*, 27 Cal. 4th at 772 (citing *Frio*, 203 Cal. App. 3d at 1489–90). For example, the Court of Appeal in *Frio*, considering calls between a record producer and his clients, concluded that the communications were confidential because "[a]ll the telephone communications were conducted on a one-on-one basis and related to a profitable venture which the speaker reasonably might expect would be confined to the parties." 203 Cal. App. 3d at 1489–90. It observed that the communication included "market data [and] business strategy," was "sensitive," and was "personal . . . among the parties." *Id.* The Court of Appeal concluded that there was "a reasonable expectation by

one of the parties that no one [was] . . . overhearing the conversation." *Id.* at 1490.

To prevail against the Rule 12(b)(6) motion, then, Faulkner would have to allege facts that would lead to the plausible inference that his was a confidential communication – that is, a communication that he had an objectively reasonable expectation was not being recorded. Faulkner's complaint, at least in its present form, does not do so.

Faulkner's complaint contains two allegations concerning the confidentiality of his communications with ADT. First, he alleges that he called ADT to "dispute a charge." Pl.'s Compl. ¶ 10. Second, he states that his conversation was confidential because it was "carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined thereto." *Id.* ¶ 27. The latter of these allegations is no more than a "[t]hreadbare recital[]" of the language of Section 632, precisely the kind that *Iqbal* prohibits. *Iqbal*, 556 U.S. at 678. Under *Iqbal*, such bald legal conclusions are not entitled to be accepted as true and thus "do not suffice" to prevail over a motion to dismiss. *Id.*

Nor is the former allegation, that Faulkner called to dispute a charge, sufficient to lead to the plausible inference that he had an objectively reasonable expectation of confidentiality. Although circumstances may arise under which the nature of the relationship or the character of the communications between a customer and a home security company could plausibly constitute a confidential communication under the California statute, here, the detail that Faulkner alleges is merely consistent with such a

conclusion.*** In other words, too little is asserted in the complaint about the particular relationship between the parties, and the particular circumstances of the call, to lead to the plausible conclusion that an objectively reasonable expectation of confidentiality would have attended such a communication. Faulkner has therefore failed to "nudge[]" his claim "from conceivable to plausible." *Id.* at 680 (internal citations and quotation marks omitted). His complaint cannot survive ADT's Rule 12(b)(6) motion.

Faulkner's complaint was filed in a California State court, which is, of course, governed by state procedural rules. The action, along with the complaint, was then removed to federal court, as noted, on diversity of citizenship grounds. It is under the Federal Rules of Civil Procedure, as interpreted by the Supreme Court, that the motion to dismiss was properly granted. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying federal pleading rules, and noting that "[i]t is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal") (internal quotation marks omitted)). In an abundance – perhaps an overabundance – of caution we remand this case to the district court for it to consider allowing the plaintiff to

---

*** ADT argues that dismissal was properly granted because a consumer call to a home security company can never constitute a confidential communication within the meaning of California Penal Code § 632. We disagree. There is nothing inherently non-confidential about a billing dispute with a home security company. For example, a caller might be asked to verify his identity by confirming his social security number or his unlisted telephone number, or to disclose other private or potentially private information. If adequately pled, such facts might well support a finding of confidentiality.

amend his complaint in a manner that would satisfy federal pleading standards.

   **REMANDED.**