**NOT FOR PUBLICATION**

FILED

NOV 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re<br>FITNESS HOLDINGS<br>INTERNATIONAL, INC.,<br><br>Debtor,<br>_____<br><br>SAM LESLIE, Chapter 7 Trustee of the<br>estate of Fitness Holdings International,<br>Inc.,<br><br>Appellant,<br><br>v.<br><br>HANCOCK PARK CAPITAL II, L.P., a<br>Delaware limited partnership; et al.,<br><br>Appellees. | No. 14-56766<br><br>D.C. No. 2:14-cv-01059-AG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted October 21, 2016
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN, PARKER,[**] and CHRISTEN, Circuit Judges.

Sam Leslie, chapter 7 trustee ("Trustee") for the bankruptcy estate of Fitness Holdings International, Inc. (the "Debtor"), appeals from an order of the district court affirming the bankruptcy court's order granting the Appellees' motions to dismiss all claims. The Trustee seeks to recover a pre-bankruptcy transfer of approximately $12 million (the "Transfer") from the Debtor to Hancock Park Capital II, LP ("Hancock Park"), the Debtor's sole shareholder. The Transfer paid down prior advances from Hancock Park to the Debtor. The advances were evidenced by promissory notes totaling approximately $25 million. The Trustee argues that the notes did not create debt and that the pre-bankruptcy transfers were therefore equity infusions in disguise. Seeking to recover the Transfer, the Trustee brings claims of constructive and actual fraud, breach of fiduciary duties, and aiding and abetting breach of fiduciary duties. We have jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291, and we affirm.

We "review de novo a district court's judgment on appeal from a bankruptcy court." *IRS v. Snyder*, 343 F.3d 1171, 1174 (9th Cir. 2003). We apply the same standard of review applied by the district court, "reviewing the bankruptcy court's

---

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2

legal conclusions de novo and its factual determinations for clear error." *Id.* To survive a motion to dismiss, a party must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In reviewing a dismissal for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

The Trustee failed to plausibly allege that the promissory notes from Hancock Park to the Debtor created equity and not debt. The district court correctly applied California law in concluding that the notes were contracts that created a right to payment. *See Poseidon Dev., Inc. v. Woodland Lane Estates, LLC*, 62 Cal. Rptr. 3d 59, 63 (Cal. Ct. App. 2007). The Trustee did not allege any ambiguity in the promissory notes and did not offer any extrinsic evidence that could have triggered application of the parol evidence rule. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 989-90 (9th Cir. 2006) ("Because California law

3

recognizes that the words of a written instrument often lack a clear meaning apart from the context in which the words were written, courts may preliminarily consider any extrinsic evidence offered by the parties.") (citing *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644-46 (Cal. 1968)) (applying California parol evidence rule).

We see no basis under California law to ignore basic contract law and to adopt the Trustee's proposed usury law approach to determine whether the promissory notes at issue here were "real" or "sham" transactions. Because the Trustee failed to show that the promissory notes in question did not create debt, the constructive fraudulent conveyance claim was properly dismissed. This finding also compels the dismissal of the Trustee's claim for actual fraudulent conveyance, because the Trustee failed to demonstrate that the Transfer was not applied to a valid, antecedent debt that Fitness Holdings owed to Hancock Park. *See Goodman v. H.I.G. Capital, LLC* (In re *Gulf Fleet Holdings, Inc.*), 491 B.R. 747, 767-68 (W.D. La. 2013) (dismissing claim for actual fraudulent transfer where the transfer was that of a "debtor attempting to comply with its contractual obligations.").

The Trustee's breach of fiduciary duties and aiding and abetting breach of fiduciary duties claims were also properly dismissed. The Trustee brought the breach of fiduciary duties claim as a direct claim, but under Delaware law, the

4

Trustee must bring such claims as "derivative claims on behalf of the insolvent corporation." *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 103 (Del. 2007). The Trustee had "*no right to assert direct* claims for breach of fiduciary duty against corporate directors." *Id*. Because a breach of fiduciary duties is an element of the aiding and abetting a breach of fiduciary duties claim, *see Casey v. U.S. Bank Nat'l Ass'n*, 26 Cal. Rptr. 3d 401, 405 (Cal. Ct. App. 2005); *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 386 (Del. Ch. 1999), and we hold that the Trustee failed to allege plausibly a breach of fiduciary duties claim, the aiding and abetting claim was properly dismissed as well.

Each party shall bear its own costs.

**AFFIRMED.**