

**FILED**

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PONTILER S.A., a Uruguay corporation,

        Plaintiff-Appellant,

  v.

OPI PRODUCTS INC., a California corporation; COTY INC., a New York Corporation,

        Defendants-Appellees.

No.   19-55849

D.C. No. 2:18-cv-10772-R-SK

ORDER

Before:  BALDOCK,[**] BERZON, and COLLINS, Circuit Judges.

The memorandum disposition filed on July 31, 2020 is amended as follows:

1. On page 3, line 14, the phrase "and to various stores" is added after "other distributors"

2. On page 4, line 1, the phrase "or to other types of stores" is added after "other distributors"

3. On page 4, line 3, the following sentence is added after "plain language": "Moreover, Plaintiff's operative complaint contains no allegations that

---

[**]The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Defendants sold to one of the four types of stores enumerated in the contract, *i.e.*, "department, drug, food or variety stores."

With these amendments, the panel has unanimously voted to deny appellant's petition for rehearing. Judge Berzon and Judge Collins have voted to deny the petition for rehearing en banc. Judge Baldock recommends denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is denied and the petition for rehearing en banc is rejected.

19-55849

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PONTILER S.A., a Uruguay corporation,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>OPI PRODUCTS INC., a California corporation; COTY INC., a New York Corporation,<br><br>           Defendants-Appellees. | No.    19-55849<br><br>D.C. No. 2:18-cv-10772-R-SK<br><br>AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 10, 2020**
Pasadena, California

Before: BALDOCK,*** BERZON, and COLLINS, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiff argues the district court erred in dismissing its claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff concedes its promissory fraud, unfair competition, and intentional interference with prospective economic advantage claims were insufficiently pled but contends the district court erred in denying leave to amend. Finally, Plaintiff argues the district court erred in dismissing its claims as time-barred. We review a district court's order dismissing a complaint for failure to state a claim de novo. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). We need not reach the issue of whether Plaintiff's claims are timely because Plaintiff fails to state a claim upon which relief can be granted and any amendment would be futile. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

1. To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a valid contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) damage resulting from the breach.[1] *Oasis West Realty, LLC. v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). While we construe the pleadings in favor of the plaintiff, if "the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit,

---

[1] The contract between Plaintiff and Defendants contains a choice of law provision which provides the agreement "has been made and shall be performed with reference to the laws of the State of California . . . ."

the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Ott v. Home Sav. & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958).

In this case, Plaintiff alleges Defendants breached the contract by terminating it without cause. But the contract, which was attached to the complaint, plainly states it can be terminated by "notice given by either party to the other party addressed in writing of its intention not to renew [the] agreement at least one calendar month prior to the expiration of the . . . period." It is undisputed Defendants provided written notice of their intent not to renew the contract on September 4, 2014—more than three months prior to the expiration of the relevant period. Thus, the agreement expressly provided for Defendants' method of termination, and Plaintiff's claim that Defendants needed good cause to terminate the contract is without merit.

2. Plaintiff further argues Defendants breached the contract by selling OPI products to other distributors and to various stores in Uruguay. This argument is similarly without merit. The agreement states, "OPI hereby grants to [Plaintiff], and [Plaintiff] hereby accepts, *the non-exclusive right* to warehouse and sell 'OPI Products' . . . ." (emphasis added). This language makes clear that the contract was intended to be non-exclusive. Moreover, while Defendants agreed to "refrain from selling, distributing or consigning any of the 'OPI Products' covered by [the] agreement to *department, drug, food or variety stores*[,]" Defendants never agreed

19-55849

not to sell to other distributors or to other types of stores. (emphasis added). Accordingly, Plaintiff's claim that Defendants breached the contract by selling OPI products to other distributors is foreclosed by the contract's plain language. Moreover, Plaintiff's operative complaint contains no allegations that Defendants sold to one of the four types of stores enumerated in the contract, *i.e.*, "department, drug, food or variety stores." Plaintiff's breach of contract claim therefore fails as a matter of law.

3. Nor did the district court err in dismissing Plaintiff's claim for breach of the covenant of good faith and fair dealing. Again, we review the district court's order de novo. *Faulkner*, 706 F.3d at 1019. Under California law, the covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000).

Here, Plaintiff bases its breach of the implied covenant of good faith and fair dealing claim on the fact that Defendants (1) terminated the contract without cause and (2) sold OPI products to other distributors in Uruguay. But as we have explained, this conduct was permitted under the plain language of the contract. Because the covenant of good faith and fair dealing cannot impose duties on Defendants beyond those contained in the contract, Plaintiff's claim fails as a matter of law.

4

4. Finally, the district court did not err in denying Plaintiff leave to amend its promissory fraud, unfair competition, and interference with prospective economic advantage claims. We review the district court's denial of leave to amend for an abuse of discretion. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). Dismissal without leave to amend is appropriate when it is clear the complaint could not be saved by amendment. *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

In this case, Defendants' initial motion to dismiss alerted Plaintiff to the legal defects in its original complaint. While Plaintiff filed an amended complaint in response to that motion, Plaintiff did not substantively revise its claims to address the deficiencies identified. Even when confronted with a second motion to dismiss, Plaintiff did not propose an amendment which would save its claims. And in its briefing to this Court, Plaintiff still fails to provide any legal or factual basis by which its promissory fraud, unfair competition, or interference with prospective economic advantage claims could survive dismissal. Because Plaintiff fails to proffer a legally adequate basis for its claims—and from our review there is none—we conclude the district court did not abuse its discretion in denying leave to amend.

5. Plaintiff's only remaining claims are for declaratory and injunctive relief. Because all of Plaintiff's claims fail as a matter of law, Plaintiff is not entitled to any

relief—declaratory, injunctive, or otherwise. For the reasons provided below, Plaintiff's arguments to the contrary are without merit.

With respect to declaratory relief, Plaintiff asks us to declare "the parties' rights, duties and obligations" under the contract. But a complaint for declaratory relief must show "the existence of an actual controversy relating to the legal rights and duties of the parties under a written instrument . . . ." *Wellenkamp v. Bank of Am.*, 582 P.2d 970, 972 (Cal. 1978). Here, the contract between Plaintiff and Defendants terminated in 2014. Thus, the parties have no ongoing rights, duties, or obligations under the agreement. And insofar as Plaintiff asks us to declare Defendants breached the contract, we have already held they did not. Accordingly, Plaintiff is not entitled to declaratory relief.

Plaintiff is similarly not entitled to the permanent injunction it requests. A permanent injunction is an equitable remedy that may issue if, among other things, a plaintiff's lawsuit "turns out to be meritorious." *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999). In this case, Plaintiff's claims are wholly without merit. Therefore, Plaintiff is not entitled to injunctive relief.

For the reasons provided herein, the judgment of the district court is AFFIRMED.[2]

---

[2] Plaintiff's pending motion to supplement the record [DE 25] is GRANTED.