**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF JOSEPH POSARD, by and through successors in interest, A.P. and E.P.; A. P., a minor, by and through Guardian Ad Litem, Susan Posard; E.P., a minor, by and through Guardian Ad Litem, Susan Posard; ELLEN POSARD, individually,

        Plaintiffs - Appellants,

  v.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF LOS ANGELES, a public entity; Sheriff ROBERT LUNA, in his individual/official capacity; LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES,

        Defendants - Appellees,

and

Sheriff ALEX VILLANUEVA, in his individual/official capacity, DOES, 1 through 10, individually, jointly and severally, ANTHONY WACERA, M.D., CHIOMA IHUOMA ONYEJEKWE, N.P., GREGORIA JOHNSON, R.N., DANIEL

No. 24-7534

D.C. No.
2:23-cv-10460-PA-E

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PHAM, N.P.,

     Defendants.

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 4, 2026[**]
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

This matter arises from the death of Joseph Posard, who died by suicide on December 10, 2022, while in pretrial custody at the Los Angeles County Twin Towers Correctional Facility after a second arrest. The Estate of Joseph Posard, Posard's mother, and Posard's two minor children (collectively, "Plaintiffs") appeal the district court's dismissal of Plaintiffs' Second Amended Complaint ("SAC"), which asserted four causes of action under 42 U.S.C. § 1983 ("Section 1983") for (1) failure to protect from harm, (2) failure to provide medical and mental health care, (3) *Monell* liability, and (4) supervisory liability, and a fifth cause of action for declaratory relief, against the Los Angeles County Sheriff's Department, the County of Los Angeles, Sheriff Robert Luna, the Los Angeles County Department of Public Health (collectively, "County Defendants"); former

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sheriff Alex Villanueva; and ten unnamed Doe defendants ("Doe Defendants").

On appeal, Plaintiffs challenge the dismissal of the first four causes of action.

Plaintiffs also challenge the district court's dismissal of a claim for interference

with a familial relationship in the district court's prior order dismissing Plaintiffs'

First Amended Complaint ("FAC"). We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

A district court's decision to dismiss under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim is reviewed de novo. *Faulkner v. ADT Sec.*

*Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "All well-pleaded allegations of

material fact in the complaint are accepted as true and are construed in the light

most favorable to the non-moving party." *Id.* The district court's dismissal may

be affirmed "on any basis supported by the record, whether or not relied upon by

the district court." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir.

2007).

1.    On appeal, Plaintiffs' primary argument is that the district court

applied the wrong legal standards in assessing the Section 1983 claims for failure

to protect and failure to provide medical care: first, by applying a heightened

pleading standard; and second, by failing to apply the requisite "objective

deliberate indifference" standard. Plaintiffs' arguments are unavailing for two

separate reasons.

First, the district court applied the correct legal standards. The district court properly applied the "plausibility" pleading standard under *Twombly* and *Iqbal* and dismissed the SAC for failing to "plausibly allege" viable Section 1983 claims for failure to protect and failure to provide medical care. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007))). The district court also properly applied the requisite "objective deliberate indifference" standard to the failure to protect and failure to provide medical care claims. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016) (en banc) (pretrial detainees' Fourteenth Amendment failure to protect claims are assessed under a purely objective standard); *Gordon v. County of Orange*, 888 F. 3d 1118, 1125 (9th Cir. 2018) (extending *Castro*'s objective deliberate indifference standard to pretrial detainees' Fourteenth Amendment failure to provide adequate medical care claims). The district court repeatedly cited to *Castro* and *Gordon* throughout its decision and explained why, under an objective standard, Plaintiffs failed to allege plausible claims.

Second, reviewing the pleadings de novo, we agree that Plaintiffs failed to plausibly state Section 1983 claims for failure to protect and failure to provide

medical care because Plaintiffs did not adequately allege objective deliberate indifference under *Castro* and *Gordon*. *See Hall*, 476 F.3d at 686 (on de novo review, we may affirm "on any basis supported by the record").

Under *Castro* and *Gordon*, plaintiffs asserting claims for failure to protect and failure to provide medical care must prove the same four elements to establish "objective deliberate indifference":

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) *the defendant did not take reasonable available measures* to abate that risk, even though *a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious*; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1124, 1125 (emphasis added).

On appeal, the parties only contest the application of the third *Gordon* element, which requires that a defendant's conduct be "objectively unreasonable." *Id.* at 1125. A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071. "The 'reckless disregard' standard is a formidable one." *Fraihat v. U.S. Immig. & Customs Enf't*, 16 F.4th 613, 636 (9th Cir. 2021). A "mere lack of due care" does not suffice. *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071). Nor does "'an inadvertent failure to provide adequate medical care,' nor 'even '[m]edical malpractice,' without more," suffice. *Fraihat*, 16 F.4th at 636

5     24-7534

(alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). "Instead, a plaintiff must show that the defendant 'disregard[ed] an *excessive risk*' to the plaintiff's health and safety by failing to take 'reasonable and available measures' that could have eliminated that risk." *Id.* (quoting *Castro*, 833 F.3d at 1070-71) (emphasis added).

Here, Plaintiffs did not adequately allege that "a reasonable official . . . would have appreciated" that the risk of Posard committing suicide on December 10, 2022, was so "high" that "the consequences of the defendant's conduct [was] obvious." *Gordon*, 888 F.3d at 1125. In fact, Plaintiffs allege that shortly before Posard's suicide on December 10, 2022, Posard expressed "no suicidal ideation" to medical unit staff member Ana Garcia." A reasonable official would not have thought that Posard was at an "excessive risk" of suicide on the same day that Posard expressed having *no* suicidal ideation. *Fraihat*, 16 F.4th at 636.

None of Plaintiffs' other allegations overcome the fact that Posard expressed "no suicidal ideation" on the day of his suicide. Plaintiffs make much of the fact that half a year before his suicide, Posard was arrested a first time, and four months prior to his suicide, Posard was placed on, then removed from, suicide watch. Those events are not adequate allegations that there was an "excessive risk" that Posard would commit suicide four to six months later *on December 10*. *Fraihat*, 16 F.4th at 636. Furthermore, after his first arrest, Posard was removed from

suicide watch after just one week and remained off of suicide watch for the remaining two months that he was in custody. From these allegations, it is not a "reasonable inference," *Iqbal*, 556 U.S. at 678, that Posard exhibited such "obviously severe" symptoms that a reasonable official should have recognized that Posard would be suicidal on December 10, 2022. *Russell v. Lumitap*, 31 F.4th 729, 741 (9th Cir. 2022); *cf. Francisco v. Corizon Health, Inc.*, 108 F.4th 1072, 1079 (8th Cir. 2024) ("an inmate's previous suicidal tendencies do not require officials to regard him as indefinitely suicidal").

Plaintiffs point to other allegations, such as the fact that Posard was a licensed clinical social worker who "had been arrested twice in a period of just months" and the fact that Posard was allegedly "very sad" and "anxious and restless" on December 10. However, Plaintiffs do not explain why the fact that a licensed social worker had been arrested twice within a half-year timespan should lead a reasonable officer to conclude that the social worker was at "excessive risk" of suicide. *Fraihat*, 16 F.4th at 636. Plaintiffs also fail to explain why a detainee's sad or anxious demeanor, constitutes such an "obvious" symptom of suicidality that a reasonable officer should have recognized a "high" risk of suicide. *Russell*, 31 F.4th at 741; *Gordon*, 888 F.3d at 1125. Plaintiffs are not entitled to unreasonable inferences from their factual allegations. *See Iqbal*, 556 U.S. at 678.

Plaintiffs' reliance on *Conn v. City of Reno*, 591 F.3d 1081 (9th Cir. 2010),[1] and *Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010),[2] is unavailing. *Conn* involved a detainee who, less than 48 hours before her suicide in jail, attempted to strangle herself with a car seatbelt in front of officers who failed to report the attempted suicide and failed to take the detainee to a hospital. *Conn*, 591 F.3d at 1092-93. Here, Plaintiffs do not allege that Posard threatened or attempted to commit suicide in front of any of the Doe Defendants. Nor do Plaintiffs allege that Doe Defendants did nothing to respond to Posard's medical needs.

*Clouthier* is equally far afield, involving a detainee who had attempted suicide multiple times and had significant suicide precautions in place that were removed by the defendant officers, despite the officers being informed by medical staff that the detainee "was truly suicidal . . . [and] going to try to kill himself." *Clouthier*, 591 F.3d at 1244. Plaintiffs do not come close to alleging that immediately preceding Posard's suicide, Posard had attempted suicide several times while in custody. Nor do Plaintiffs come close to alleging that Posard was

---

[1] Cert. granted, judgment vacated sub nom., *City of Reno. v. Conn*, 563 U.S. 915 (2011), and opinion reinstated, *Conn v. City of Reno*, 658 F.3d 897 (9th Cir. 2011).

[2] Overruled by *Castro*, 833 F.3d 1060.

subject to significant suicide precautions that Doe Defendants nevertheless decided to remove.

Plaintiffs additionally argue that "Defendants' *response* to Mr. Posard's needs was inadequate to the point of deliberate indifference." But if a reasonable official would not have thought that Posard posed an excessive risk of suicide, then Doe Defendants' actions responding to Posard's needs were at best "'an *inadvertent* failure to provide adequate medical care,'" which we have held does not meet *Gordon*'s objective deliberate indifference standard. *Fraihat*, 16 F.4th at 636 (quoting *Estelle*, 429 U.S. at 105-06) (emphasis added). For the reasons explained, Plaintiffs have not adequately alleged that a reasonable official would have thought Posard posed an excessive risk of suicide.

Finally, Plaintiffs argue that Posard had a "right to direct-view safety checks," but was placed in a "housing area where" such checks "did not take place." That argument fails as well. First, that argument is contradicted by Plaintiffs' own allegations, which assert that at least two different staff members observed and documented Posard's behavior on December 10. Second, Plaintiffs present only vague and conclusory allegations that Doe Defendants "fail[ed] to conduct the required safety check[s]" without alleging or explaining what safety checks were required, which cannot suffice to state a plausible claim for relief.

2. The district court properly dismissed Plaintiffs' claims of *Monell* and

24-7534

supervisory liability.  Both *Monell* and supervisory liability are contingent on an underlying constitutional violation.  *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (*Monell* liability); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (supervisory liability).  Plaintiffs have failed to establish any predicate constitutional injury so Plaintiffs' *Monell* and supervisory liability claims necessarily fail.

3.     The district court also properly dismissed Plaintiffs' claim for interference with a familial relationship in the district court's order dismissing Plaintiffs' FAC.  The district court accurately observed that Plaintiffs' opposition to County Defendants' motion to dismiss the FAC entirely failed to respond to County Defendants' arguments that Plaintiffs failed to state a claim for interference with a familial relationship.  A plaintiff who fails to raise an issue in response to a defendant's motion to dismiss "has effectively abandoned his claim, and cannot raise it on appeal."  *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).  Such is the case here.

**AFFIRMED.**